JONES, *Appellant*, v. EVANS.

1. **Bill of Exceptions, Matter of.** A bill of exceptions cannot, as a general rule, include matters which did not occur at the term of the court at which it was filed.

2. **Appeal:** FINAL JUDGMENT. An order dissolving an attachment, is not a final judgment from which an appeal will lie.

*Appeal from Gentry Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

This was an appeal from a justice of the peace in Gentry county, to the circuit court. The amount of plaintiff's claim was $85. Shortly after the filing of the justice's transcript in the circuit court, the plaintiff sued out an attachment process on the following grounds: 1st, That plaintiff had good cause to believe that defendant was about to remove his property and effects out of the State, with intent to defraud, hinder and delay his creditors. 2nd, That defendant was about to remove out of this State with intent to change his domicile. At the September term, 1879, of the circuit court, being the term to which the appeal was taken and triable, and the writ of attachment was returnable, the defendant filed a plea in abatement, which was tried at said term by the court, sitting as a jury, and the issues found thereon for the plaintiff.

Thereafter, at the same term of the court, and on September 9th, 1879, and before the cause was called for trial on the merits, defendant filed a set-off for $83.50. Upon the same day a jury was empanneled to try the cause on its merits, and the same was begun, and pending said trial defendant withdrew his set-off, and also filed a motion for a new trial on the plea in abatement. After the conclusion of the trial on the merits, which resulted in a verdict and judgment for plaintiff in the sum of $4.50, and on September 15th, 1879, the court sustained defendant's motion for

a new trial on the plea in abatement. On the 1st day of March, 1880, plaintiff filed an unsuccessful motion to strike from the record defendant's plea in abatement, and afterward, at the September term, 1880, of the court, the cause was called for a re-trial on the plea in abatement, and plaintiff declining to take any part therein, the court dissolved the attachment proceeding and adjudged against plaintiff all the costs of the same. The plaintiff filed motions for a re-hearing and in arrest of judgment, to the judgment of the court in dissolving the attachment, and the same being overruled, he filed at said September term, 1880, of the court, his bill of exceptions and appealed to this court.

*B. F. Lucas* for appellant.

The court below should have refused to grant a new trial on the plea in abatement, but having granted it after all matters in abatement of the attachment had been waived by a plea to and a trial on the merits, the plea in abatement should have been stricken from the record, and it was error to dismiss the attachment and adjudge the costs thereof against plaintiff.

*George W. Lewis* and *Vinton Pike* for respondent.

The appeal is not prosecuted from the judgment on the merits, which was rendered at the September term, 1879, of the circuit court, and is not complained of, but from the order made at the September term, 1880, dissolving the attachment, because plaintiff refused to prosecute it. From such order no appeal lies to this court. *Davis v. Perry*, 46 Mo. 449 ; *Jones v. Snodgrass*, 54 Mo. 597.

SHERWOOD, J.—The bill of exceptions in this cause was filed at the September term, 1880, and included matters not only which had occurred at that term, but also those which had occurred in the cause at former terms, but

as to which no exceptions had been taken or preserved. The office of a bill of exceptions is to preserve such matters of exception as occur during the term, to which exception has been taken. There is nothing in this record which takes it out of the operation of the general rule, so that only those matters of exception as occurred at the September term, 1880, can be reviewed by us in any event. But it is unnecessary that we look into the errors said to have happened at that term, for the reason that the judgment on the merits of the cause was rendered at the September term, 1879, and no appeal has been taken from that, both parties being therewith content.

The disposing of the attachment at the September term, 1880, was not a final judgment from which an appeal will lie. *Davis v. Perry*, 46 Mo. 449; *Jones v. Snodgrass*, 54 Mo. 597.

The issue made by the affidavit for attachment and the plea in abatement, was a mere side issue, totally disconnected from the merits, and this especially so, since the attachment was merely ancillary to the original summons. To be effective, an appeal must operate on a final judgment, and not upon something less than a final judgment. A party cannot appeal his cause by piecemeal. *Anderson v. Moberly*, 46 Mo. 191. And especially when the final judgment, as here, is allowed to stand unaffected by the appeal. *Ib.*

Forasmuch as there is no final judgment, the cause should be stricken from the docket. All concur.