Louis Nolte, Respondent, v. John Farrelly, Appellant.

### St. Louis Court of Appeals, March 5, 1889.

Justices' Courts: ATTACHMENT: APPEAL. Where a justice of the peace rendered judgment for the plaintiff in an attachment suit, both upon the plea in abatement and upon the merits of the claim, whereupon the defendant appealed to the circuit court, never attempting to make it appear that his appeal was from the sustaining of the attachment only, and the circuit court sustained the plea in abatement, but gave judgment for the plaintiff on the merits, there was no error in an entry of judgment against the defendant and his sureties in the appeal bond.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

AFFIRMED.

*R. L. McLaran*, for the appellant.

The judgment is without legal warrant, and is against the law under the evidence. R. S., secs. 481, 439; *Bracket v. Bracket*, 61 Mo. 224; *Hicks v. Martin*, 25 Mo. App. 355-356; *Gates v. Sanders*, 13 Kansas, 411; *Butcher v. Troman*, 18 Kansas, 558; *Dubuque v. Redman*, 1 Iowa, 444; *Lane v. Goldsmith*, 23 Iowa, 240. Appellant admits the indebtedness, but complains of the hardship and injustice in levying the attachment without any grounds therefor, and appealed only from that judgment in the justice's court sustaining the attachment. In an attachment suit, even before a justice of the peace, it is necessary to render two judgments. *Hicks v. Martin*, 25 Mo. 366. Now, the transcript of the justice recites that the appeal was taken from the judgment of the justice. Which judgment? The one sustaining the attachment, and after that was dissolved, the trial judge erred in rendering judgment against the sureties on the appeal bond. The giving of an appeal bond is merely a necessary prerequisite to perfecting an appeal from a justice's court to the circuit court, and when the attachment was there dissolved the sureties stood released from any obligation, and the case then stood on the docket as a case regularly commenced by summons in the circuit court. *Bracket v. Bracket*, 61 Mo. 224.

*Rassieur & Schnurmacher*, for the respondent.

Counsel states that appellant took an appeal only from the judgment of the justice on the plea in abatement, or that his appeal should be so construed. That is expressly forbidden by the statute, as shown by the authorities cited in appellant's brief. *Knapp v. Joy*,

9 Mo. App. 47; *Jones v. Evans*, 80 Mo. 565; *Walser v. Haley*, 61 Mo. 445.    And while it has been held ( *Blunt v. Railroad*, 55 Mo. 157; *Fare v. Gunter*, 82 Mo. 522 ) that an appellant from a justice may demonstrate in the circuit court, by motion, the particular purpose of his appeal, defendant in this case made no effort to do so ; on the contrary he appeared generally, and made no objection to the case proceeding upon the merits, after the attachment had been dissolved.    As to the point that the judgment should not have been entered against the sureties, that is expressly required by the statute. R. S., sec. 3062.    And even if it were error, the judgment would not be reversed on that account, because the sureties are not complaining.    *Smith v. Railroad*, 53 Mo. 338.

THOMPSON, J., delivered the opinion of the court.

This action was commenced before a justice of the peace by attachment, to collect a debt due by a promissory note.    The defendant pleaded in abatement of the attachment, and, on trial before the justice, the attachment was sustained and a judgment was also rendered against the defendant on the merits.    From this judgment the defendant appealed to the circuit court, making the usual affidavit and filing the usual bond for appeal.    On trial anew in the circuit court, no evidence was offered by the plaintiff in support of the attachment, and judgment was therefore rendered by the court for the defendant on his plea in abatement. Thereupon there was a trial on the merits which resulted in a judgment for the plaintiff.    The court entered up this judgment against the defendant, and also against his sureties in the appeal bond, as required by section 3062, Revised Statutes.    From this judgment the defendant prosecutes the present appeal to this court, assigning for error that, the attachment having been dissolved,

it was not competent for the court to enter up judgment on the merits against the plaintiff and the sureties in his appeal bond. The theory of defendant is that the appeal which was prosecuted by the defendants was prosecuted from so much of the judgment of the justice as sustained the attachment, and that, after the attachment was dissolved in the circuit court, that court erred in rendering judgment against the sureties on the appeal bond. His argument is that, when the attachment was dissolved in the circuit court, the sureties stood released from any obligation, and the case then stood on the docket of the circuit court as though it has been regularly commenced by summons in the circuit court. In this state the defendant cannot appeal from judgments on pleas in abatement in attachment suits until there has been a final judgment on the merits. *Jones v. Evans*, 80 Mo. 565; R. S., sec. 439. The defendant could therefore only appeal from the judgment which the justice rendered, which was an entire thing, embracing a judgment against him on the merits and also a special judgment against the property which had been impounded by the attachment; and this was the only appeal which he purported or attempted to take. Prior to the act of 1885 ( Laws of 1885, p. 187 ), it was held by our supreme court that a defendant might appeal from a justice to the circuit court for the special purpose of securing an abatement of the action for want of *jurisdiction*, and might, in the circuit court, demonstrate by motion the special purpose for which he prosecuted his appeal. *Blunt v. Railroad*, 55 Mo. 157; *Fare v. Gunter*, 82 Mo. 522. But even supposing that this principle could be extended to such a case as the present, so as to allow a defendant appealing from a justice to appear in the circuit court and demonstrate by motion that he appealed only for the purpose of

Pindell v. St. Louis & H. Ry. Co.

resisting the attachment, yet no such motion was made by the defendant in the circuit court in this case.

The assignment of error cannot be sustained upon any principle with which we are acquainted and the judgment is accordingly affirmed. All the judges concur.