BOORAEM & Co. *v.* WHEELER & SWALLOW.

That the defendant was arrested while attending court as a witness, is no cause of *abating* the writ.

THIS was an action of *assumpsit.*

The defendants pleaded in abatement, in substance, that, at the April term of the Rutland county court, 1839, the defendant, Wheeler, attended said court as a material witness in a cause then and there depending, and that during the session of said court, at said term, and while he was so in attendance as a witness, the plaintiffs prayed out their writ in this suit against these defendants and caused the writ to be served upon the defendant, Wheeler, by arresting his body.

The plaintiffs demurred, generally, to said plea, and the defendant joined in demurrer.

The county court decided that the plea was insufficient and that the defendants answer over, and the defendants excepted.

After a judgment for the plaintiffs had been rendered by the county court, upon the plea of *non-assumpsit,* the cause came to this court upon the defendants's exceptions to the decision of the county court, overruling the plea in abatement.

*G. W. Harmon,* for defendants.

I. That a person, while attending court as a witness, is privileged from arrest, and that too, whether attending in obedience to a subpœna or not, are points too well settled by authority to require argument. 3 Bl. Com. 289, note 4. 1 Phil. Ev. 5. *Fletcher* v. *Baxter,* 2 Aik. R. 224.

II. The process, in this case, should be abated, because,—

1. No process should be allowed to be served upon an individual coming as a witness from another state into this ; for if it be allowed, the tendency will be to prevent witnesses attending our courts, whereby the course of justice will be retarded, in some cases, and in others, rank injustice will be done. *Wheeler* v. *Barry,* 6 Vt. R. 579.

2. The authorities are sufficient to justify the court in carrying out the principle contended for above.

In England, this subject has undergone numerous muta-

tions.   At first, the remedy was by writ of ·privilege,—next, by *habeas corpus*, which is still sometimes resorted to,—then by motion to the court in whose protection the witness is, at the time of arrest, or, to the court to which the process is returned, or to a judge thereof.   Upon such motion, a discharge from custody, or an *exonereter* of the bail bond will be ordered.   While, in some of the states, the English practice is followed, in others, the process is allowed to be abated by a plea of the privilege.   1 Com. Dig. 35.

3. Attorneys arrested while attending court, foreign ministers, members of congress, and debtors whose persons have been discharged, may plead their privilege in abatement.   3 Bl. Com. 289, note 4.   1 Dall. 303.   1 Pick. 797, and the reason for doubting whether a witness could plead his privilege, has been, that it was considered the privilege of the *court* and not of the witness.   That notion is now exploded, and it is well adjudged to be the privileg? of the witness, 6 Vt. R. 597, and, consequently, the case falls within the rule just adverted to.

4. The court are therefore called upon to apply these principles and authorities to the present case ; and here, we refer them to the case of *Follett* v. *Rogers*, decided by the supreme court, in Chittenden county, July term, 1821, (cited in 2 Aik. 226) in which the defendant pleaded in abatement, that he was arrested on the writ, in violation of his privilege, as suitor, &c., and upon demurrer, the court adjudged the plea sufficient, and abated the writ.

*J. Clark*, for plaintiffs.

The question is, can the defendants avail themselves of the privilege of Wheeler from arrest, by a plea in abatement, or is it not a matter of discretion with the court before which he was in attendance as a witness, to be brought before that court on motion, where the facts necessary to sustain the application, may appear by affidavit, or if in vacation, then by *habeas corpus*.

1. The plaintiffs contend that the privilege of a witness attending court, is not the privilege of the *person* attending court, but of the *court* which he attends, and for the sake of public justice.   In case of the arrest of such witness, the writ is not void nor the arrest illegal, but improperly timed, only.   *Cameron* v. *Lightfoot*, 2 W. Bl. 1190.

2. The application is a matter that rests entirely in the discretion of the court, and they will allow it or not, under a consideration of all the circumstances. The party may not have come in good faith, may have lingered after the trial, and the like, and the facts necessary to entitle the applicant to relief must appear by affidavit, and, in most, if not all cases, by the oath of the party himself. *Fletcher* v. *Baxter*, 2 Aik. R. 224.

*RUTLAND,*
*February,*
*1840.*

Booraem & Co
*v.*
Wheeler *et al.*

3. The plaintiffs contend, that, in no case, can the privilege of a witness attending court, be made the subject matter of a plea, nor made issuable to a jury. The remedy is by motion, only, resting in the discretion of the court, or if in vacation, then by *habeas corpus*. *Donnelly* v. *Dunn*, 1 Bos. & Pul. 45. *Fletcher* v. *Baxter*, 2 Aik.,R. 224, 230.

The opinion of the court was delivered by

COLLAMER, J.—Every citizen has a right to bring his debtor into court by legal process, at all times; which process is by summons, by attachment of property, or by arrest of the body. There is, however, a paramount right or privilege of the courts or their suitors, without which the commencement of an action might be of little use, that is, that suitors and witnesses may attend court unmolested in their persons. This latter right is, however, to be asserted in such manner as to infringe or interrupt the former right as little as possible. It has never been held that a man's property may not be attached,or he be served with a summons, while attending court as a witness or suitor. He is, then, subject to suit while in that condition. There is no mode provided by law by which a creditor or an officer can know in what capacity a man is attending court, or even that he is in attendance; therefore there is nothing unlawful in arresting him on legal process. What is wanted, is, that the suitor or witness may give uninterrupted attendance on the court. Will this object be secured by abating the writ, so legally served? Most clearly it will not, as the court he was attending will have closed its session long before the arrival of return day of the writ, when it can be abated. The abatement, then, will not tend to secure the legitimate object, and it may produce great evil to an innocent creditor by cost of abatement, and,

perhaps, entire loss of his debt, by an intermediate abscond-
ing of his debtor.   The abatement then is useless, injuri-
ous and unnecessary.   The legal object can be and always
has been better secured by the summary proceeding of a
motion to the court to release the person, for the time being,
or by *habeas corpus.*   Such we consider the analogy of le-
gal principles and such the weight of authorities.

Judgment affirmed.