CHRISTIAN v. WILLIAMS *et al.*

Division One, July 2, 1892.

1. **Practice**: SUMMONS: PLACE OF BRINGING SUIT.  Where one of two defendants residing in the same county is "found" in a county where plaintiff resides and is there served with process, the issuance of another writ to the county of their residence for service on the second defendant in the same action is unauthorized by the statute, and confers no jurisdiction over the second defendant. (Revised Statutes, 1889, sec. 2009.)

2. ———: ———: SERVICE IN COUNTY DIFFERENT FROM THAT OF RESI-
DENCE. One while attending court as a party or witness in a county
in which he does not reside is not protected from service of summons
in another action brought in such county.

3. ———: ———: ———. The foregoing rule is inapplicable where
the defendant so served was induced by fraud or was compelled by
criminal process to go within the boundaries of the county where the
service was made. (*Byler v. Jones*, 79 Mo. 282, *affirmed.*)

4. Practice: ANSWER. A defendant may unite in the same answer
matters in abatement and in bar.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED.

ACTION by plaintiff to recover of the defendant the sum of $500, alleged to be due him for legal services as an attorney-at-law. Plaintiff is a resident of the city of St. Louis, and the defendants are resident in Randolph county.

Williams had been served with process in the city of St. Louis at the suit of Cummisky and Samuels who are merchants in that city. Williams was in attendance on the trial of said cause, both in the capacity of party and witness, and was served with summons in the present action while he was thus in attendance in courtroom number 3 and during the trial of said cause. Another writ was issued to defendant Davis and served upon him in Randolph county. The defendants pleaded to the jurisdiction of the court to the effect that, in the circumstance stated, that court had no jurisdiction over them. They also pleaded in general denial of the allegations of the petition. Plaintiff replied.

The parties went to trial, and full proof was made by the defendants of the facts aforesaid, and there was no countervailing evidence offered. The evidence

being heard, the court gave this declaration of law: "That, under the pleadings and evidence in this case, the court has no jurisdiction of the persons of the defendants, and, therefore, cannot proceed to try the cause on its merits." And having thus declared the law, the court gave judgment for the defendants.

*Christian & Wind* for appellant.

(1) The court erred in holding it had no jurisdiction. The service of the writ, so far as it was a summons to the party or witness to appear and answer, and gave jurisdiction over the person of the defendant, was invariably held good and valid by the English court, and even by the house of lords, and not a dictum can be found to the contrary,—the privilege being at common law, only from the detention by arrest, on the ground that the courts were entitled to the presence in court of its suitors and witnesses for the due administration of justice. Greenleaf on Evidence, sec. 316; *Walpole v. Alexander*, 3 Doug. 46; *Meeking v. Smith*, 1 H. Bl. 636; *Arding v. Flower*, 8 Term. (D. & E.) 534; *Spence v. Stewart*, 3 East, 89 (ELLENBROUGH, L. C.); *Ex parte Byrne*, 1 Ves. & Beame, marg. p. 316 (ELDON, L. C.); *Passee v. Passee*, 5 H. of L. Cases, 671; *Selby v. Hills*, 8 Brig. 166; *Long case*, 2 Mod. 181; *Cameron v. Lightfoot*, 2 W. Bl. 1192, *et seq.* (2) A division of the authorities in regard to the privilege of suitors and witnesses from service of process in this country, according to the different views expressed by the courts, show: *First.* That the privilege has been allowed to suitors and witnesses served while attending court, or to their case in a state other than that of their residence, that is, to parties and witnesses non-resident of the state where served. *Wood v. Neale*, 5 Gray, 538; *Norris v. Beach*, 2 Johns.

294; *May v. Shumway*, 16 Gray, 86; *Taft v. Hopkins*, Anthon (N. Y.) 255; *Person v. Grier*, 66 N. Y. 124; *Matthews v. Taft*, 86 N. Y. 570; *In re Healey*, 53 Vt. 695; *Halsey v. Stewart*, 4 N. J. L. (1 South.) 366; *Dungan v. Miller*, 8 Vroom (37 N. J. L.) 182. *Second.* In Pennsylvania, and in two United States circuit courts, and in three recent cases the privilege has been allowed to suitors and witnesses served while attending court in the state of their residence. *Boulton v. Morton*, Dall. 296; *Hayes v. Shields*, 2 Yeates, 222; *Parker v. Hotchkiss*, 2 Wall, 272; *Gyer v. Irwin*, 4 Dall. 106; *Lyell v. Goodwin*, 4 McLean, 29; *Wetherell v. Sutzinger*, 1 Miles, 240; *Mitchell v. Huron*, 53 Mich., *sub nomen Mitchell v. Nixon*, 19 N. W. Rep. 776; *Palmer v. Rowan*, 32 N. W. Rep. 210; *Andrews v. Lembeck*, 18 N. E. Rep. 484. *Third.* That the privilege has been almost unanimously denied to suitors and witnesses served while attending court in their own state, whether in or out of their county, except in Pennsylvania, as appears from head second above. *McNeil case*, 6 Mass. 255; *Bours v. Tuckerman*, 7 Johns. 538; *Grover v. Green*, 1 Caines (N. Y.) 115; *Hunter v. Cleveland*, 1 Brevard (S. C.) 167; *Blight v. Fisher*, Peters' C. C. 41; *Booraem v. Wheeler*, 12 Vt. 311; *Hopkins v. Coburn*, 1 Wend. 292; *Duringer v. Moschino*, 93 Ind. 495; *Legrand v. Bedinger*, 4 T. B. Mon. (Ky.) 539; *Massey v. Colville*, 45 N. J. L. 119; *Sadler v. Ray*, 5 Rich. (S. C.) 523; *Page v. Randall*, 6 Cal. 32; *Bishop v. Vose*, 27 Conn. 7; *Pollard v. Railroad*, 7 Abb. Pr. (N. S.) 70; *Bridges v. Sheldon*, 7 Fed. Rep. 19; *Hinegar v. Spangler*, 29 Ga. 218; *Richards v. Goodman*, 2 Va. Cases, 381. *Fourth.* The legislature of this state from earliest time has considered this subject, and fixed what it deemed the proper limits of the privilege, in the absence of fraud, from time to time up to the present, and while this does not bind the

court yet the court will follow it as an expression of the will of the people, unless an actual interference with the administration of justice can be shown to result. Geyer's Digest, 247, 248, sec. 16; p. 33, 281; Revised Statutes, 1825, sec. 1, p. 622; Revised Statutes, 1835, secs. 8, 9, 10, 11, 13, p. 348; Revised Statutes, 1845, secs. 1, 5, pp. 804–5; Revised Statutes, 1855, sec. 20, p. 1581; Revised Statutes, 1879, sec. 3481. (3) Under our law, the plaintiff having a right to bring his action in the city of St. Louis, and to serve the defendants if found there, the objection of privilege goes only to the service as ill-timed, and not to the summons itself, and, consequently, is not such a defense as the statute in respect to what may be included in an answer contemplates. It is no cause, if it exists, for abating the suit, but only for abating the service for irregularity. The process itself was good, and should not abate, and only the service was irregular, being ill-timed. *Delinger's Adm'r v. Higgins*, 26 Mo. 182–3; *Cameron v. Lightfoot*, 2 W. Bl. 1192, *et seq.*; *Booraem v. Wheeler*, 12 Vt. 311; *Bishop v. Vose*, 27 Conn. 7; *Bank v. McSpedan*, 5 Biss. 64; *Duringer v. Moschino*, 93 Ind. 495; *Spence v. Stewart*, 3 East, 89; *Hunter v. Cleveland*, 1 Brev. 167, and all the English cases; *Phillibert v. Evans*, 25 Mo. 323. (4) The defendants could not at the same time, by way of answer or otherwise, insist the court had no jurisdiction over them, and at the same time come in with defenses recognizing that jurisdiction. They must elect in which position they will stand before the court. Their position cannot be ambiguous or conditional, and if they desired to insist on the objection they should have stood by this objection, and there should have been no other or further appearance. *Kronski v. Railroad*, 77 Mo. 368; *Boulware v. Railroad*, 79 Mo. 496; *Smiley v. Cockrill*, 92 Mo. 112;

*Tower v. Moore*, 52 Mo. 120; *Swift v. Troes*, 55 How. Pr. 256; *Smith, Adm'r, v. Rollins*, 25 Mo. 410; *Jordan v. Railroad*, 61 Mo. 54; *Platt v. Canfield*, 67 Mo. 48. (5) The defendant waived the objection to the service, and any want of jurisdiction. *First.* As the plea to the jurisdiction was precisely the same *verbatim* as that held bad on demurrer, the answer was not amended so far as that plea was concerned, and plaintiff had a right to treat it as a nullity or move to strike it out. *Doughty v. Devlin*, 1 E. D. Smith, 625; *Howard v. Railroad*, 5 How. Pr. 5, a somewhat similar case in principle. *Second.* Defendants failed to except, took leave to answer over, while the decision of the court on the demurrer adverse to the plea remained unreversed, and thus waived their right to the objection to the jurisdiction. *Kronski v. Railroad*, 77 Mo. 368; *Delinger's Adm'r v. Higgins*, 26 Mo. 183; *Wright v. Miller*, 3 Alb. L. J. 253.

*James A. Carr* for respondent.

(1) A literal construction of a statute will be rejected when it leads to an absurd conclusion or to one that would produce palpable injustice. *Proctor. v. Railroad*, 64 Mo. 112; *Bent v. St. Vrain*, 30 Mo. 268; *Osgood v. Breed*, 12 Mass. 528; *Reed v. Davis*, 8 Pick. 513; *Jackson v. Collins*, 3 Cow. 89; *Byler v. Jones*, 79 Mo. 261; *Little v. Harrington*, 71 Mo. 390. (2) The circuit court never acquired jurisdiction over respondents by the service of summons. *First.* Service of process in the courtroom, while the circuit court was in session there, was void. 3 Inst. Tit. 140; 3 Blacktone's Commentaries, 289; 1 Camp. 475; 10 East, 578. *Second.* Where a *capias* was the proper process for bringing a defendant into court, the privilege from arrest was an absolute immunity from the service of

process, and a discharge from arrest was equivalent to setting aside the service of process. *Pitt's case,* 2 Stra. 986; *Walpole v. Alexander,* 3 Doug. 45; *Mills v. McClellan,* 1 Binney, 77; *Hayes v. Shields,* 2 Yeates, 222; *Halsey v. Stewart,* 1 South. (4 N. J. L.) 366; *Huddeson v. Prizer,* 9 Phil. 65; *Gilbert v. Vanderpool,* 15 John. 242; *Van Alstyne v. Dearborn,* 2 Wend. 586; *Tatlow v. Bateman,* Vent. 135 (1671). *Third.* Where a summons is the proper process for bringing a witness into court, the service of summons on a defendant attending court as a suitor or witness will be set aside, and the court acquires no jurisdiction by reason of such service. *Shaver v. Letherby,* 41 N. W. Rep. 677; *Mitchell v. Judge,* 53 Mich. 541; *Andrews v. Lembeck,* 46 Ohio St. 38; *Palmer v. Rowan,* 32 N. W. Rep. 210; *Brooks v. Farwell,* 2 McCrary, 567; *Parker v. Hotchkiss,* 1 Wall. 269; *Bridges v. Shelton,* 7 Fed. Rep. 19, 42; *Bank v. McSpedan,* 5 Biss. 64; *United States v. Anonymous,* 21 Fed. Rep. 771. (3) The filing of an answer on the merits does not waive a plea to the jurisdiction. *Little v. Harrington,* 71 Mo. 390; *Byler v. Jones,* 79 Mo. 261; *Cohn v. Lehman,* 93 Mo. 574; *Hereford v. Ins. Co.* 42 Mo. 148; *Stanley v. Railroad,* 62 Mo. 508; *Larned v. Griffin,* 12 Fed. Rep. 585; *Fisher v. Fraprie,* 125 Mass. 474; *O'Loughlin v. Bird,* 128 Mass. 600. (4) Respondents did not waive the objection to the want of jurisdiction. *Clark v. Mikesell,* 45 N. W. Rep. 377; *Hereford v. Ins. Co.,* 42 Mo. 148; *Stanley v. Railroad,* 62 Mo. 508; *Ins. Co. v. Dunn,* 19 Wall. 214.

SHERWOOD, P. J.—Two questions are presented by the record: *First,* whether the circuit court acquired jurisdiction by reason of the service on either of the defendants; *second,* whether any waiver occurred on the part of either of the defendants to object to the jurisdiction of the circuit court.

I.    Section 2009, Revised Statutes, 1889, so far as necessary to quote it, declares that: "Suits instituted by summons shall, except as otherwise provided by law, be brought: *First,* when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; *second,* when there are several defendants, and they reside in different counties, the suit may be brought in any such county."

Section 2021 of the statute provides: "When there are several defendants residing in different counties, the plaintiff may, at his option, have a summons directed to 'any sheriff in the state of Missouri,' or have a separate summons directed to the sheriff of any county in which one or more defendants may be found."

It will readily be seen from these provisions that where a defendant is "found" in a county where a plaintiff resides, and is thereupon served with process, that there exists no statutory authority for the issuance of another writ to the county of the defendant's residence for service upon another defendant in the same action. It results from this absence of statutory authority that the service of process on Davis conferred no jurisdiction on the circuit court of the city of St. Louis over the person of that defendant; and that court acquired none over him except upon the ground of waiver, a point to be hereafter noticed.

II.    Witnesses as well as parties are *protected from arrest* while going to the place of trial, while attending there for the purpose of testifying in the cause, and while returning home.    1 Greenleaf on Evidence [14 Ed.] sec. 316.    This privilege extends to *all* who have any relation to a cause, as parties, attorneys, bail, etc.    1 Tidd's Practice [Am. Notes] 195-6.    But this privilege at common law extended only so far as to

discharge from *arrest*, when arrested on civil process, and did not abate the suit; that still went on, and the party arrested was held upon common bail, that is, he entered his appearance in the action. Black's Law Dictionary, title, Bail, Common; *Long's case*, 2 Mod. 181; *Cameron v. Lightfoot*, 2 W. Bl. 1192; *King v. Coit*, 4 Day, *loc. cit.* 132-7; *Bishop v. Vose*, 27 Conn. *loc. cit.* 11,12; *Sadler v. Ray*, 5 Rich. 523, and cases cited; *Blight's Ex'r v. Fisher*, 1 Pet. C. C. 41, and. cases cited; *Legrand v. Bedinger*, 4 T. B. Mon. 539; *Catlett v. Morton*, 4 Litt. 122; *Hunter v. Cleveland*, 1 Brev. 168; *Hopkins v. Coburn*, 1 Wend. 292; *Bours v. Tuckerman*, 7 Johns. 538; *Pollard v. Railroad*, 7 Abb. Prac. (N. S.) 70, and cases cited; *Booraem v. Wheeler*, 12 Vt. 311; *Page v. Randall*, 6 Cal. 32.

The case of *Blight's Ex'r v. Fisher*, *supra*, is said to have been overruled by the subsequent case of *Parker v. Hotchkiss*, 1 Wall. 269; but the facts in the two cases were essentially different. In the former case the party who was summoned was attending court, and was a resident of New Jersey, where the court was held, while in the latter the suitor in the United States circuit court was resident *outside of the circuit*, and was arrested, and it was then held that he was entitled to be discharged, not only from the arrest, but *absolutely* even from the service of process, and this, as shown by the authorities, was the rule at common law as to a citizen of a foreign state whether party or witness. This was the course pursued in New York as to a non-resident witness. *Sandford v. Chase*, 3 Cow. 381; *Norris v. Beach*, 2 Johns. 294. But in *Hopkins v. Coburn*, 1 Wend. 292, a resident party and suitor in a cause against whom a *capias* was issued in another cause, and from whom bail was not demanded, but he was required to indorse his appearance or be committed, and having done so he afterwards moved to vacate his

appearance thus entered, but this was denied on the ground that he had only done what the court would have required of him had he been actually arrested and compelled to give bail.   That case virtually overrules the *dictum* in *Sandford v. Chase, supra,* respecting the arrest and absolute discharge of a resident witness.

In *Bours v. Tuckerman, supra,* a resident party was under recognizance to attend court, and while so attending was arrested on a *capias* in a civil action, and admitted to bail, and, upon his moving, for his discharge, it was ruled that he should be discharged from *arrest* on filing common bail.

In the more recent case of *Pollard v. Railroad, supra,* decided in 1869, it was ruled that a non-resident party attending as a party and witness from another state, and who, while so attending, was served with a summons in another action, was not entitled to be discharged from such service, or to have the same set aside for irregularity, and the same reasons are given, and some of the same authorities cited where the service was initiated by an arrest.   More recently it has been held in the same state in *Person v. Grier,* 66 N. Y. 124, that a non-resident party attending as a witness could not be legally served with ordinary civil process, and that such service should be vacated.   To the same effect is *Matthews v. Tufts,* 87 N. Y. 568, where a non-resident was in attendance as a party.

It has been ruled in Vermont that the arrest of a resident party attending court as a witness is no cause for *abating* the writ; but that application could be made to release the person from *arrest.    Booraem v. Wheeler,* 12 Vt. 311.   In a subsequent case in that state, a non-resident suitor and witness, while in attendance at court, was held not amenable to the service of ordinary process in another action brought in that state.   *In re Healey,* 53 Vt. 694.'

In Kentucky, it has been held that a witness resident in one county was not exempt in another county, when attending court, from the service of a capias indorsed "no bail." 4 T. B. Mon. and 4 Litt., *supra*.

In California, a similar ruling has been made. *Page v. Randall*, 6 Cal. 32.

In Connecticut, it has been determined that even a non-resident party is not exempt from the service of ordinary process, though attending court. *Bishop v. Vose*, 27 Conn. 11.

In Pennsylvania, from an early day the ruling has been that a resident party attending an appeal in another county is privileged from a summons (*Miles v. McCullough*, 1 Bin. 76; *Hayes v. Shields*, 2 Yeates 222); and in that state a resident witness has been held not subject to arrest on federal process. *United States v. Edme*, 9 S. & R. 147.

In New Jersey, a non-resident attending court as a party was discharged from the service of a summons. *Halsey v. Stewart*, 1 South. 366. In a still later case a like ruling was made as to a non-resident who was both party and witness. *Dungan v. Miller*, 37 N. J. L. 182. In the yet more recent case of *Massey v. Colville*, 45 N. J. L. 119, the service of a summons was on a resident party in attendance on court, both as party and witness, and it was ruled that if the defendant so desired a change of venue to the county of his residence would be ordered; but, if the plaintiff objected to such change, the service of the summons should be vacated.

In Ohio, a citizen of Pennsylvania was extradited from that state and brought into the state of Ohio at the instance of C., A. & Co. Directly after the party extradited entered into a recognizance, he was served with summons and arrested in a civil action brought by C., A. & Co., based on the same alleged cause on

which the criminal arrest was grounded, and it was properly held that the defendant was entitled to have the service of the summons set aside and be discharged from the arrest. The bad faith of the plaintiffs in that case was, however, apparent, and no court could sanction such a gross abuse of the power of extradition. *Compton, Ault & Co. v. Wilder*, 40 Oh. St. 130. In a later case in that state a resident in one county went to another to attend the hearing of an application for an injunction in which he was interested as party, and, while thus in attendance, he was served with summons, and the lower court quashed the summons and dismissed the action, and this ruling was affirmed. *Andrews v. Lembeck*, 46 Oh. St. 38. But there is a statute in that state which protects suitors, etc., in going to, attending and in returning from court.

In Michigan, a party resident of one county was arrested on a *capias* in a civil cause and taken to another county, and then having been relieved from arrest was arrested on civil process emanating from a local court, and he was held entitled to his discharge. *People ex rel. v. Judge, etc.*, 40 Mich. 729. The doctrine of the case just cited in a later case was extended so as to embrace and protect from being served by a summons in a county other than that of his residence, while attending court in the latter county. *Mitchell v. Circuit Judge*, 53 Mich. 541.

In Massachusetts, a non-resident witness arrested on civil process was held entitled to an absolute discharge. *May v. Shumway*, 16 Gray, 86. A like ruling was made as to a non-resident in attendance before a legislative committee. *Thompson's case*, 122 Mass. 428.

In Nebraska; a party charged with a criminal offense in a county other than that in which he resides, and who has given bail, and in pursuance of such bail attends court, and is discharged, is held not

subject to civil process in that county after his discharge. *Palmer v. Rowan*, 32 N. W. Rep. 210.

In Georgia, it has been ruled that a non-resident party could not be arrested in term on civil process, though he had previously been arrested on like process issued out of the same court in vacation. *Henegar v. Spangler*, 29 Ga. 217.

In North Carolina, it is held that a non-resident witness is privileged from arrest on civil process. *Ballinger v. Elliott*, 72 N. C. 596.

In the federal courts the rule adopted in Pennsylvania seems to be followed, though but two instances have been found where the question was raised as to a *resident*, and that was a *judge* served with a summons when about to set out on his circuit (*Lyell v. Goodwin*, 4 McLean, 29), and the other a *member of the general assembly* in attendance in that capacity. *Gyer's Lessee v. Irwin*, 4 Dallas, 107.

The other cases decided by the federal courts were all cases of non-resident parties or witnesses, arrested or summoned in a state other than that of their residence. *Hurst's case*, 4 Dall. 388; *Bridges v. Sheldon*, 7 Fed. Rep. 17; *Plimpton v. Winslow*, 9 Fed. Rep. 365; *Atchison v. Morris*, 11 Fed. Rep. 582; *Larned v. Griffin*, 12 Fed. Rep. 590; *Small v. Montgomery*, 23 Fed. Rep. 707; *Kauffman v. Kennedy*, 25 Fed. Rep. 785; *Juneau Bank v. McSpedan*, 5 Biss. 64; *Brooks v. Farwell*, 2 McCrary, 220.

Upon this review of the authorities, it is found that the states of Vermont, Kentucky, Connecticut, California, South Carolina give full support to the contention of the plaintiff, while opposed to it are rulings in Pennsylvania, from an early period, and Michigan, New Jersey and Ohio in recent cases, and in the federal courts only two exceptional cases, while in New York the later rulings being with regard to non-residents do

not apply here, and the earlier rulings in that state are in accord with the doctrine for which plaintiff contends The later cases in Massachusets, and possibly the earlier ones, relate only to non-resident parties or suitors.

In an earlier case in Michigan, it was ruled that a party could be served with summons while attending court. *Case v. Rorabacher*, 15 Mich. 537. This is attempted to be explained in 53 Mich. on the theory that the party there sued was attending court within the jurisdiction of his *residence;* but, taking this as true, what becomes of the rule that a party is protected from *any civil process* while attending court? If he be protected at all, the protection must extend as well to the courts of his place of residence as elsewhere. But the correct doctrine as already shown by the common-law authorities is that he was only exempt from *arrest,* and not from mere ordinary process. This was so ruled in England as late as 1856. *Poole v. Gould,* 1 H. & N. 99.

Either the principles of the common law must prevail or our statutory provisions. If the former, then the contention of the plaintiff is valid. If on the other hand our statute is to govern, then defendant Williams was clearly "found" in the city of St. Louis, within the meaning of section 2009, at the time of the service of plaintiff's writ of summons upon him. Besides, the statute in question has been on the statute books at least since 1835. Laws of that year, 451; Revised Statutes, 1845, 805. And barring a certain class of cases to be presently mentioned, no case has heretofore arisen in this state questioning the right of a party plaintiff to sue and obtain service as in the present instance. This amounts to a contemporaneous and continuous construction of the statute, a settled construction which has been in existence for over fifty years, a construction which should not be lightly set aside.

III. Of course these remarks do not apply to a case where a party is induced by fraud or compelled by criminal process to enter within the boundaries of a county other than that of his residence. As to which see *Marsh v. Bast,* 41 Mo. 493; *Capital City Bank v. Knox,* 47 Mo. 334; *Byler v. Jones,* 79 Mo. 261.

IV. It is said that *public policy* demands that suitors, witnesses, etc., should be privileged from the service of civil process while attending court, lest they be deterred from attending, and thus the administration of justice be obstructed. However this might be as to non-resident witnesses as to whom no process could issue, or as to non-resident suitors, as to whom it would be improper now to speak, it is sufficient to say that as to witnesses resident in this state we have process by which their attendance can be compelled from any part of this state (Revised Statutes, secs. 8929, 8930) and that the public policy of a state is best ascertained by her legislative enactments, especially when they have received such a long-continued, uniform and practical construction as has the one in question. Moreover, it could hardly be deemed the public policy of this state to deny the service of civil process on a party attending court, when we have a statute (sec. 2021) whereby a plaintiff may have a summons directed to "any sheriff in the state of Missouri," or a separate summons, etc., with a possibility of bringing parties and suitors hundreds of miles to attend a common *forum,* remote from their homes and remote from their witnesses.

V. It was competent for the defendants to unite in the same answer matter in abatement and matter in bar. *Little v. Harrington,* 71 Mo. 390; *Byler v. Jones,* 79 Mo. 264.

VI. It is not thought that the defendants, by filing an answer containing the same averments as to jurisdiction as the one successfully demurred to, waived any

right they may have possessed to question that jurisdiction. Though perhaps irregular, their course could not be deemed a waiver, especially so when the plaintiff joined issue by his reply.

VII. In *Byler v. Jones, supra,* it was distinctly ruled by this court on a demurrer to an answer, which set up that by abuse of criminal process a party was taken away from the county of his residence to a distant county, in order to get service on him in a civil action, that such service was worthless, and no jurisdiction thereby acquired, and the judgment of the lower court was reversed. This ruling is plain and easily understood. The cause was afterwards tried and went by appeal to the Kansas City court of appeals (22 Mo. App. 623), where the judgment was reversed because the lower court gave the following declaration of law on behalf of the plaintiff: "That, although defendant was brought into the jurisdiction of this court by virtue of an arrest on a charge of rape, and served immediately after his acquittal or discharge with process in this case, yet the finding should be for the plaintiff, unless the court is satisfied by a preponderance of the evidence, that said arrest was made for the purpose of getting him into the jurisdiction of this court, for the purpose of serving him with civil process in this case." This declaration of law was in entire accord with the rulings of this court when that case was here. Something is said by the Kansas City court of appeals in that case about the plaintiff acting "*maliciously and without probable cause,*" but it is not apparent what is meant by this expression; or what possible relevancy it had to the matter then in litigation. The difference in rulings between this court and the Kansas City court of appeals caused the case at bar to be sent to this court by the St. Louis court of appeals.

We overrule the case of *Byler v. Jones*, 22 Mo. App. *supra*, on the point mentioned, and affirm the judgment herein as to the defendant Davis, but reverse it as to defendant Williams, and remand the cause to the St. Louis court of appeals to be proceeded with in conformity to this opinion. All concur.