## GHARST, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, November 14, 1905.**

1. **NOTARIES PUBLIC: Foreign Notary: Seal.** In the absence of any evidence as to what the laws of Michigan provide in relation to notaries public, it must be presumed that a notary public of that State, according to the universal custom or law, is provided with a seal; the certificate of such a notary to a deposition without the authentication of his seal is insufficient.

2. ———: ———: **Depositions.** Section 2899, Revised Statutes, 1899, does not provide an exclusive method for authenticating a deposition when taken in a foreign State.

3. ———: ———: ———: **Authentication.** Where a deposition in a case pending in this State was taken in the State of Michigan before a notary public who certified to the same formally but did not attach his seal, and where the clerk of the circuit court of the county certified to the official character of the notary, the inference may be drawn that circuit clerks are proper custodians of the commissions of notaries public in that State, and the certificate is sufficient proof of the notary's official character, so as to admit the deposition in evidence.

4. **PERSONAL INJURIES: Future Suffering: Evidence.** In an action against a street railway company for injuries received by plaintiff while attempting to board the defendant's car, the evidence is examined and held sufficient to submit to the jury the question of permanent injury to the plaintiff in estimating her damages.

5. ———: **Physical Facts: Jury Question.** The courts will take judicial notice of those matters which must have happened according to the invariable course of nature, including certain known laws of motion; but where the evidence to establish certain physical facts which would preclude recovery in an action for personal injuries is contradicted by other evidence, it is a question for the jury.

6. ———: **Contributory Negligence: Instruction.** In an action for personal injuries incurred by plaintiff while attempting to board the defendant's car, instructions offered by the defendant on the question of plaintiff's contributory negligence and refused by the court are set out in full, and the ground held to be sufficiently covered by an instruction given by the court of its own motion which is also set out in full.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Boyle & Priest, George W. Easley* and *Edward T. Miller* for appellant.

The court erred in overruling defendant's motion to suppress the deposition of T. S. Emery, and in permitting said deposition to be introduced in evidence over defendant's objection thereto. R. S. 1899, secs. 2899-2900; R. S. 1899, sec. 4151; R. S. 1899, sec. 8835; Meyers v. Russell, 52 Mo. 26; Clark v. Rynex, 53 Mo. 360; Berders v. Barber, 81 Mo. 636; Hubbard v. Railway, 87 S. W. 52, 112 Mo. App. 459; 21 Am. and Eng. Ency. of Law (2 Ed.), p. 555; Orr v. Lacy, 4 McLean (U. S.) 243; Opin. of Justices, 150 Mass. 586; Stephen v. Williams, 46 Ia. 540; Hewitt v. Morgan, 88 Ia. 468; 55 N. W. 478; *In re* Phillips, 14 Nat. Bank Reg. 219; 19 Fed. Cas. No. 11,098; Knife Co. v. Umbenhauer, 54 Am. St. Rep. (Ala.) 114. The certificate of the notary public taking the deposition in question in the State of Michigan failed to have affixed thereto his notarial seal and the same is true as to his jurat. The fact that he was a notary was certified by the clerk of the circuit court of his county, under the seal of said court. The Michigan statutes were not offered in evidence. Section 2899, Revised Statutes 1899, of Missouri, makes a certificate of a notary public in his official character, when accompanied by his seal of office, sufficient authentication of the deposition taken before him. Sections 2899 and 2900 are sections 23 and 24, chapter 53 of the Revised Statutes of Missouri 1855, the latter enlarging sections 17 and 18, chapter 48 of the Revised Statutes of 1845; and an examination of those prior statutes in connection with the present sections shows the correctness of appellant's position with respect to the meaning of

the latter sections. "A notary public is an officer whose function it is to attest and certify, by his hand and official seal, various instruments in order to give to them authenticity in other jurisdictions." 21 Am. and Eng. Ency. of Law (2 Ed.), p. 555. Every notary shall have a notarial seal and shall authenticate therewith all his official acts. R. S. 1899, sec. 8835. In the absence of proof of the statutes of a foreign State, it will be presumed that the requirements as to the seal are the same as those of the State in which the use of the instrument authenticated by the seal is sought. By custom a notary must have a seal. Opin. of Justices, 150 Mass. 586. At common law a seal has always been required. In the absence of a statute the common law prevails. R. S. 1899, sec. 4151. The seal of a domestic notary proves itself, and is always an authentication of his signature and notarial acts, but the acts of a foreign notary must be authenticated by his seal. The court erred in refusing defendant's requested instruction No. 2. State v. Bennett, 124 Mo. 435; Hook v. Railway, 162 Mo. 569, 63 S. W. 360; Weltmer v. Bishop, 171 Mo. 110, 71 S. W. 167; Barrie v. Transit Co., 102 Mo. App. 87, 76 S. W. 706; Spiro v. Transit Co., 102 Mo. App. 250, 76 S. W. 684; Reed v. Railway, 87 S. W. 65. The uncontradicted testimony was that plaintiff fell toward the north—the direction the car was moving. Her only witness to the accident, and all of defendant's witnesses so testified. She was not dragged by the car at all. If the car started north with a jerk from a standstill, and thereby she was thrown, the well-established laws of motion would require that she fall toward the south. The court erred in refusing to give, as requested, defendant's instruction "A" distinguishing between plaintiff's negligence and defendant's negligence. Hurt v. Railroad, 94 Mo. 264, 7 S. W. 1; Oates v. Railway, 168 Mo. 548, 68 S. W. 906.

*William H. Davies* for respondent.

BLAND, P. J.—On May 6, 1903, plaintiff was a passenger on one of defendant's street cars traveling west on Washington avenue, in the city of St. Louis. Her destination was the intersection of Garrison and Washington avenues. The car stopped when it arrived at the crossing of Garrison avenue. Plaintiff's evidence is that when the car stopped, several persons preceded her and alighted in safety, and she was in the act of descending the steps of the rear platform when the car was started forward with a sudden jerk, causing her to fall upon the street, striking the back of her head and shoulders on the pavement and inflicting serious and permanent injuries.

Defendant's evidence is that the car stopped two or three minutes to allow passengers to get off but plaintiff did not leave her seat while the car was standing; that immediately after the car started she arose from her seat, walked to the back platform, then down the steps, and while the car was in motion stepped off, or was thrown off, into the street.

1. Plaintiff offered and read in evidence the deposition of T. S. Emery, taken in the State of Michigan. Defendant moved to suppress the deposition and also objected to it as evidence, on the ground that it was not properly authenticated by the notary public by whom it purported to have been taken. The objection was overruled and the deposition was read in evidence. The jurat to the witness's signature on the deposition is as follows:

"THOS. S. EMERY.

"Subscribed and sworn to before me the fourth day of April, A. D. 1904.

"JON. H. MURDAUGH,
"Notary Public, Sanilac Co., Mich."

The certificate of the notary public to the deposition is in the usual form and is sufficient in both form and substance, if it is properly authenticated. It is authenticated as follows:

"Given at Croswell, in the county of Sanilac and State of Michigan, this fourth day of April, A. D. 1904.
            "JNO. H. MURDAUGH, Notary Public,
                  "Sanilac County, Michigan.
"Commission expires Feb. 6-07."

The following certificate is appended to the certificate of the notary:

"State of Michigan, county of Sanilac, ss.

"I, James N. Simmons, clerk of the circuit court and of the county and State aforesaid, do hereby certify that Jno. H. Murdaugh is a notary public in and for said county and State, duly qualified to act as such; that his term of office commenced on the fourteenth day of February, in the year 1903, and will expire on the sixth day of February, in the year 1907, and that his signature above written is genuine.

"Given under my hand and the seal of said county at the village of Sanilac Center, on this seventh day of April, in the year of our Lord, 1904.

            (Seal)            "JAMES N. SIMMONS, Clerk."

Defendant contends that the signature of the notary should have been attested by his seal of office and that the signature of the clerk of the circuit court is not sufficient to supply the omission of the notarial seal. The only statute we have in respect to the authentication of depositions taken by a person or officer of this State or by a person or officer of another State, by authority of the law of this State, is section 2899, Revised Statutes 1899, which reads as follows:

"Depositions or examinations taken by any person or officer in this State authorized by this chapter, or by any person or officer out of this State appointed by authority of the laws of this State, to take depositions, or by any consul, commercial or diplomatic representative of the United States, or mayor or chief officer of any city, town or borough having a seal of office, or by any notary public and certified by such person or officer in his official character, and accompanied by his seal of

office, if there be one, shall, to all intents and purposes, be sufficient evidence of the authentication of such depositions or examinations."

If the officer taking the deposition has no seal of office, the statute is silent in respect to the manner the deposition may be authenticated, nor does it provide that the method therein named for the authentication of the deposition shall be exclusive when the officer taking the same has a seal.

Black's Law Dictionary defines a notary public as "a public officer whose function it is to attest and certify, by his hand and official seal, certain classes of documents in order to give them credit and authenticity in foreign jurisdictions."

It has been held that in taking depositions, a notary public acts as a temporary substitute for the court in which the cause is pending, and hence is a judical officer. [Ex Parte McKee, 18 Mo. 599; Swink v. Anthony, 96 Mo. App. 420, 70 S. W. 272; Stirneman v. Smith, 100 Fed. Rep. 600; Re Huron, 36 L. R. A. 822.] The office of a notary is a very important one and the nature and extent of his functions are so varied that it seems he should, as a matter of convenience, have a notarial seal. The Missouri law (R. S. 1899, sec. 8835) requires him to provide a notarial seal and to authenticate therewith all his official acts. The laws of Michigan were not offered in evidence and we are in the dark as to whether or not there is a statute in that State requiring notaries public to provide themselves with notarial seals. The office of the notary public has come down to us from ancient times. [Kirksey v. Bates, 7 Port. (Ala.) L. C. 532; Bank of Rochester v. Gray, 2 Hill (N. Y.) 227.] "Notary" is mentioned by Shakespeare in the "Merchant of Venice." In 2 Am. and Eng. Ency. of Law (2 Ed.), 555, it is said: "The office of notary is of great antiquity, deriving its origin from the early Roman jurisprudence, and has for many centuries been recognized by most, if not all, of the Christian nations. The office

is known to international law, to the common law, being concerned more especially with the law-merchant branch and to the civil law."

In Bank of Rochester v. Gray, supra, after expressing doubt as to whether the certificate of a notary public should, under the laws of England, be attested by a seal, the court, on the authority of Brooke's Office of Notary, held that a seal was necessary under the English law.

In Orr v. Lacy, 4 McLean (U. S.) 243, it is said: "A seal is not required by the civil law, but it has been required by the common law from its earliest history."

In Opinion of the Justices, 150 Mass. l. c. 589, it is said: "By custom, if not by positive law, everywhere, so far as we know, a notary public must have an official seal, and copies of his records must be certified under his seal." [See also 21 Am. and Eng. Ency. of Law (2 Ed.), 559.]

The notary public does not state in his certificate to the deposition that he had no seal. We must conclude, therefore, that the universal custom or law, that a notary public must have a seal, prevails in the State of Michigan, and that the notary who took the deposition had a seal. Conceding that he had a seal, respondent contends that the certificate of the clerk is sufficient authentication of the official character and signature of the notary, and in support of this contention cites Pape v. Wright, 116 Ind. l. c. 408, where it is said:

"Depositions were taken by a notary public in the State of New York, but the certificate is not authenticated by his seal. There is, however, a certificate of the clerk of the county, duly attested by a seal, wherein it is recited, among other things, that the notary before whom the depositions were taken, 'was duly commissioned and sworn; that all of his official acts as such are entitled to full faith and credit, and that his signature thereto is genuine. In the face of the certificate of the clerk we cannot hold that the lack of a notarial

seal constituted a sufficient cause for suppressing the depositions. "If there had been no certificate from the clerk a very different case would be presented."

Defendant also cites Curtis v. Curtis, 131 Ind. 489, where Pape v. Wright is approved and followed.

Our statute (section 2899, supra) as stated above, does not provide an exclusive method of authenticating depositions. It simply provides a method by which they may be authenticated when the officer taking them has a seal. It follows, that if they are authenticated in some other legal manner, though they might have been authenticated in the manner provided by the staute, the authentication should be held sufficient.

In Ashcraft v. Chapman, 38 Conn. 230, it is said: "The seal of a notary attached to a document he is authorized to execute, is received by force of commercial usage or positive law as sufficient evidence of his official character; but it is not the highest evidence, and the record of his appointment is receivable to prove that character," and it is held that where a deposition was taken in another State by a notary, who neglected to affix his notarial seal to his certificate, and his official character was proved by a certificate of the Secretary of State annexed to his certificate, it was admissible.

The certificate of Simmons, the clerk, annexed to the certificate of the notary, certifies that he is a notary public, gives the date of the commencement and the date of the expiration of his term of office and certifies that his signature is genuine. From the fact that the clerk of the circuit court made the certificate, we think the inference should be drawn that, under the laws of Michigan, notaries public are either appointed by the circuit courts or their commissions are required to be recorded in the circuit clerks' offices. In either case the clerks would be authorized to make the certificate, and the presumption is in favor of right action (Avery v. Good, 114 Mo. l. c. 296, 21 S. W. 815) and we think his certificate is a sufficient proof of the official character

and signature of the notary public, and conclude that the deposition was admissible in evidence.

2. The court gave the following instruction on the measure of damages:

"If under the evidence and instructions given to you by the court you find a verdict in favor of the plaintiff you should assess her damages at such sum and amount as you believe from the evidence will be fair compensation to her for her injuries and her pain of body and mind, if any, she has suffered on account of said injuries, and for such pain of body and mind, if any as you believe from the evidence in all reasonable probability she will suffer in future on account of her said injuries, and for such permanent injuries, if any, as you believe from the evidence were occasioned to her by said injuries."

The defendant insists that there is no evidence in support of the fourth assignment or element of damages —permanent injuries. The medical testimony in the case shows that plaintiff enjoyed good health prior to her injury; that she received a severe blow on the back of her head, causing her to suffer from nervousness, and that she was threatened with paralysis; that an examination was made a short time previous to the trial and it was found that her left eye did not respond as well as the right, that the pupil of the right eye was larger than the pupil of the left, and that she did not see as well as with the right eye. The physician was unable to state whether this condition existed before the injury or not. Plaintiff testified that she had been using glasses for three or four years before her injury, but she further testified that the injury affected her eyesight, and that she frequently suffered from dizziness and pains in her head. We think this evidence tended to show permanent injury and that it was properly submitted to the jury for their consideration in estimating the compensation plaintiff should recover.

3. The refusal of the court to give the following instruction offered by defendant is assigned as error:

"The jury are instructed that physical facts are just as much evidence as is oral testimony, and if you find that there are uncontradicted physical facts which are at variance with the oral testimony, then such uncontradicted physical facts are entitled to the greater consideration."

The instruction singles out physical facts in evidence characterizing the casualty and gives them undue prominence; for this reason it was not error to refuse it. [Spohn v. Railway, 87 Mo. 74; St. Louis, K. & N. W. Ry. Co. v. Stock Yards, 120 Mo. 541, 25 S. W. 399; State v. Williams, 136 Mo. 293, 38 S. W. 75; State v. Sivils, 105 Mo. 430, 16 S. W. 880; State v Lane, 158 Mo. 572, 59 S. W. 965; Noyes, Norman & Co. v. Cunningham, 51 Mo. App. 194; Bowlin v. Creel, 63 Mo. App. 229.] It is only where the law itself draws a particular conclusion from a fact or collection of facts in evidence that it is proper for the court to tell the jury the legal effect of such evidence. [State v. Seal, 47 Mo. App. 603; Lesser v. Boekhoff, 33 Mo. App. 223.] Some of the witnesses testified that plaintiff fell to the north, the same direction the car was headed. On this evidence it is insisted that plaintiff's evidence, that the car was started with a jerk, was completely overthrown and the cause should not have been submitted to the jury. While it is true that courts will take judicial notice of those matters which must have happened according to the constant and invariable course of nature, including certain well-known laws of motion, yet where the evidence to establish the physical facts from which the law of motion flows is, as was done in this case, contradicted by other evidence, the court cannot say as a matter of law, that the law of motion overturns or disproves the plaintiff's case. In such circumstances, the whole matter is for the jury.

4. The court refused to give the following instructions asked by the defendant:

"If the jury believe from the evidence that plaintiff's

injuries were caused by the mutual and concurring negligence of plaintiff and defendant's servants and agents in charge of its car, as defined in these instructions, and that the negligence of neither without the concurrence of the negligence of the other, would have caused such injuries, then plaintiff is not entitled to recover, and your verdict must be for the defendant. While the burden of proof is upon the defendant to establish the contributory negligence of the plaintiff, yet, this does not relieve the plaintiff of the burden of proving that her injuries were solely caused by the negligence of the defendant, as stated in these instructions. The burden of proving that fact rests upon the plaintiff throughout the entire case, and if the jury find that her negligence, either in whole or in part, caused or directly contributed to cause her injuries, then plaintiff is not entitled to recover and your verdict must be for the defendant. And the court further instructs you that the difference in this case between negligence on the part of plaintiff and negligence on the part of defendant is this: that negligence on defendant's part, if any, must be the sole cause of the injury, while negligence on plaintiff's part, if any, which but directly contributes to the injury, defeats a recovery, even if the defendant may also have been negligent."

But gave the following instruction of its own motion:

"While the burden of proof is upon the defendant to establish the contributory negligence of the plaintiff, yet this does not relieve the plaintiff of the burden of proving that her injuries were solely caused by the negligence of the defendant, as stated in these instructions. The burden of proving that fact rests upon the plaintiff throughout the entire case, and if the jury find that her negligence, either in whole or in part, caused or directly contributed to cause her injuries, then plaintiff is not entitled to recover, and your verdict must be for the defendant."

The instruction given, we think, fairly submitted the issue of plaintiff's contributory negligence to the jury, not with as much detail and particularity as would have the one refused, but it is equally comprehensive and, we think, correctly states the law.

No reversible error appearing, the judgment is affirmed. All concur.