In The Matter of Charles P. Noell, Petitioner.*

St. Louis Court of Appeals.    Opinion filed March 1, 1927.

**1.—Habeas Corpus—Courts of Appeal—Jurisdiction—Constitutional Questions.** In a case of **habeas corpus**, the Court of Appeals has jurisdiction to consider constitutional questions.

**2.—Notaries Public—Depositions—Contempt—Right to Punish—Statute.** Under section 5460, Revised Statutes 1919, a notary public, in taking depositions, has the same power to issue subpoenas for witnesses and to compel their attendance in the same manner and under like penalties as any court of record in this State, and therefore has power to punish for contempt.

**3.—Same—Same—Notaries Taking Depositions Act Judicially—Judicial Officer.** A notary public, in taking depositions, acts judicially and as a judicial officer.

**4.—Process—Civil Suit—Subpoena Served on One While Attending Court to Answer Criminal Charge in County Different from That of Residence—Not Exempt Where Presence Was Not Procured by Fraud.** One attending court in a different county from that of his residence to answer and defend a criminal charge was not exempt from the service of civil process, where there was no fraud or deceit in procuring his presence in such county.

**5.—Depositions—Witnesses—Fees—Tender—Statute.** Where a witness is not served with a subpoena away from the place where he is required to attend and give his deposition, but is less than forty miles away at the time of such service, and makes no claim of a tender of fees, although he resided in a different county, he cannot invoke section 5422, Revised Statutes 1919, requiring a tender of fees where the witness resides at a greater distance than forty miles from his place of residence, in his aid for failure to appear as a witness.

---

*Corpus Juris-Cyc References: Courts, 15CJ, p. 1090, n. 40; Depositions, 18CJ, p. 619, n. 3; p. 672, n. 97; p. 677, n. 92; p. 683, n. 32 New; Habeas Corpus, 29CJ, p. 117, n. 34; p. 118; n. 37; Notaries, 29Cyc, p. 1085, n. 14; p. 1086, n. 15, 20, 21; Process, 32Cyc, p. 495, n. 59, 60, 61.

*Habeas Corpus.* Original Proceeding.

PETITIONER REMANDED TO THE CUSTODY OF SHERIFF.

*Laughlin, Frumberg, Blodgett & Russell* for petitioners.

*Roy Hamlin* for respondent.

NIPPER, J.—This is an original proceeding in *habeas corpus,* brought by the petitioner, Charles P. Noell, for the purpose of obtaining his discharge from the custody of Clarence Bender, Sheriff of Marion County, Missouri.

The petitioner alleges that he is confined, detained, and restrained of his liberty by said Clarence Bender, in the city of St. Louis, which said detention and restraint is illegal; that the only pretext or cause of such arrest is by virtue of a writ or warrant of attachment, issued by William T. Meyers, a notary public of the county of Marion, and State of Missouri, upon a claim and charge that the petitioner is guilty of contempt for failing to appear and give testimony, at the city of Hannibal, before said notary public, in pursuance of a notice to take depositions, and a subpoena issued thereon.

The petitioner also alleges that the writ of attachment was illegally and improperly issued, in that petitioner is a resident of the county of St. Louis, and that on the twenty-eighth day of April, 1926, he was compelled to appear in the city of Hannibal, Marion County, Missouri, to answer upon a bond theretofore given by him as defendant in a certain criminal case; that he was present in the city of Hannibal, Marion County, for no other purpose, nor upon any other business; that, while so present in Marion County, for the purpose above set forth, he was served with a notice to take depositions on the third of May, 1926, in a certain case then pending in the Circuit Court of St. Louis, entitled Charles P. Noell v. Chicago, Burlington and Quincy Railroad, et al., on the part of the defendants, and was served with a subpoena commanding him to appear at the city of

Hannibal, on the third of May, 1926; that the petitioner was wholly exempt from having any service made upon him in any civil process at that time; that the case of State v. Noell, was not issued in good faith by the Prosecuting Attorney of Marion County, but for the sole purpose of bringing the petitioner into said Marion County.

The return of the writ alleges that, at the time of the service of the writ, respondent, who is the sheriff of Marion County, had legally served the same upon petitioner, and had legally taken him into custody by virtue and authority of a writ of attachment, issued by William T. Meyers, a notary public of Hannibal.

We here set out such portions of the return to the writ as we deem necessary to a proper understanding of this case:

"Respondent further states and shows to this honorable court that there was pending against himself and Wilson Noell a criminal case, styled State of Missouri, plaintiff, v. Charles P. Noell and Wilson Noell, defendants, wherein the defendants were charged with being common barrators and had in that respect violated the laws of the State of Missouri in Marion County, and that said suit was pending to the April Term of the Hannibal Court of Common Pleas, at Hannibal, Missouri, and also in the same term of court, petitioner herein had two (2) civil suits pending; one of which was Edna McKiernan, plaintiff, v. Charles P. Noell and Wilson Noell and Glenn Mohler, defendants, wherein the plaintiff was attempting to cancel a contract with the law firm of Noell, Mohler and Noell, of which Charles P. Noell, petitioner herein, was a member, on the grounds that same was procured by fraud and false representation, that said case was on the docket for action and disposition at said April Term, that in addition to that case, Charles P. Noell and the firm of Noell, Mohler and Noell had on the docket of the Hannibal Court of Common Pleas for the April Term, the case of ———— Toland, plaintiff, v. The Hannibal Railway and Electric Company, which was on the regular docket for orders and disposition. That in addition to the above-mentioned, the plaintiff, Charles P. Noell, member of the firm Noell, Mohler and Noell, did have the matter of the administration of the estate of Lester P. McKiernan, in the Probate Court of Marion County, sitting at Hannibal, and did file papers and take orders in the administration in the estate of Lester P. McKiernan, and that in addition to the above mentioned, the petitioner, Charles P. Noell, and other members of the firm of Noell, Mohler and Noell, on or about the same date did see witnesses in the case of W. L. Porter v. Chicago, Burlington and Quincy Railroad, in Hannibal, Missouri; that the petitioner herein had divers and sundry matters of business and conferences with clients and witnesses in Hannibal, Missouri, upon other matters of business not those above recited and set out.

"Respondent further states that on May 3, 1926, although he had been legally and lawfully served with a subpoena to appear and give his testimony before William T. Myers, a Notary Public of Hannibal, Missouri, did intentionally fail and refuse to appear and give his testimony, and did resort to the circuit court of the city of St. Louis to prevent his testimony being taken and did thereafter resort to the Supreme Court of Missouri to keep from having his testimony taken and that this writ of *habeas corpus,* at this time, in this court is in the nature of an appeal from the ruling of Judge WILSON TAYLOR upon the same matter in a suit now pending wherein Charles P. Noell is plaintiff and the Chicago, Burlington & Quincy Railroad, et al., defendants; and despondent respectfully states and shows that since the circuit court has jurisdiction of the parties and subject-matter and can make all appropriate orders therein, other courts ought not to interfere by a writ of *habeas corpus* to pass on matters while said suit is pending.

"Respondent further states and shows to the court that the petitioner does not state facts sufficient to authorize the relief prayed for.

"Respondent further states and shows to the court that on May 3d, and days subsequent thereto and the days of the taking of the depositions of other witnesses before William T. Myers, the petitioner, Charles P. Noell, was represented by counsel and entered appearance and took part in said taking of the depositions, and was further represented by special stenographer from the city of St. Louis, to-wit. a Mr. McCarthy, but at all times failed and refused himself to answer the process served upon himself, and that the petitioner herein was not exempt from having said notice and subpoena served upon him while in the city of Hannibal; that the institution of the suit of the State of Missouri v. Charles P. Noell and Wilson Noell for barratry, was not instituted for the purpose of procuring the attendance of Charles P. Noell in Marion county, but was instituted upon a number of cases in which Charles P. Noell and Wilson Noell committed barratry in Marion county, all of which the State of Missouri stands ready to prove, and on April 28th, when the State announced ready to prove the allegations in the Hannibal Court of Common Pleas, the defendants. Charles P. Noell and Wilson Noell, applied for a change of venue, the case being sent to the circuit court of Marion county, at Palmyra, Missouri, and that thereafter that case has been appealed to the St. Louis Court of Appeals, and the same will be heard at the October term of 1926 of the said court.

. . . . . .

"WHEREFORE, respondent prays the court to remand to him the body of Charles P. Noell in compliance with the writ of attachment, and for all other and further relief as may seem just and proper to this honorable court."

220 Mo. App.—45.

The right of the petitioner to a discharge under the writ of *habeas corpus* is based principally upon three propositions advanced by him in this court: First, that the notary has no power to punish for contempt, and the Legislature is without authority to confer upon him such power because to do so would be in contravention of our Constitution; second, that the service of the civil process upon him was not made in good faith, and that he was exempt from service because he was attending court at Hannibal to answer against a criminal charge; third, that he lived more than forty miles from Hannibal, and no fees were tendered him.

We shall take up the constitutional question first. Although this court ordinarily has no authority to delve into constitutional questions, yet in a case of *habeas corpus* it seems to be settled that we now have jurisdiction to consider such questions. [In re Webers, 275 Mo. 677, 205 S. W. 620; Workman v. Turner (Mo. App.), 283 S. W. 61; Ex parte Corvey (Mo. App.), 287 S. W. 879.]

Section 5460, Revised Statutes 1919, provides that every person, judge, or other officer required to take depositions shall have power to issue subpoenas for witnesses, and to compel their attendance in the same manner and under like penalties as any court of record in this State.

It is insisted by counsel for petitioner that the power to punish for contempt is a judicial function, and cannot be delegated to non-judicial officers or bodies, and that all judicial power in Missouri is by our Constitution vested in certain courts, and the Legislature has no authority to create any tribunal and invest it with judicial power. Many authorities are cited from other jurisdictions to sustain this proposition, and it is argued that, while this authority has been assumed by the courts of this State since the case of Ex parte McKee, 18 Mo. 599, yet it is because the question has not been squarely raised in any case.

There are many authorities from other jurisdictions which support the views taken by the petitioner here. The only time this question seems to have been squarely raised in Missouri was in the case of Ex parte Alexander, 163 Mo. App. 615, 147 S. W. 521. In that case, Judge Johnson, of the Kansas City Court of Appeals, said:

"I am referred to cases in other jurisdictions that support this argument but without going into a discussion of the question I decided it against the position of the petitioner on the ground that in a long line of decisions beginning with the case of Ex parte McKee, 18 Mo. 599, the Supreme Court has held repeatedly that notaries public have the statutory power to punish for contempt, and I shall not attempt to cast a doubt on a settled rule of such long standing by discussing a question that should be presented to a court that has jurisdiction over constitutional questions."

While there are many authorities in other jurisdictions holding that the Legislature has no power to delegate such authority to a notary public, yet in those same jurisdictions it is held that a notary public does not act in a judicial capacity.

In 29 Cyc., pp. 1085 and 1086, it is said:

"The power to take depositions does not of itself include the power to punish for contempt, but by the weight of authority the Legislature may authorize a notary taking a deposition to punish a recusant witness. In some states, however, it has been held that the Legislature has no power to confer on a notary authority to punish for contempt. . . . It has been held in some jurisdictions that a notary in taking depositions acts judicially, while in others the contrary has been held."

In those jurisdictions where it is held that the notary does not act judicially, then it necessarily follows that it is also held that the Legislature has no authority to confer such powers upon them. However, in Missouri, it is held that a notary in taking depositions acts judicially, and as a judicial officer. [Gharst v. St. Louis Transit Co., 115 Mo. App. 403, 91 S. W. 453; Ex parte McKee, 18 Mo. 599; Swink v. Anthony, 96 Mo. App. 420, 70 S. W. 272; Burnett v. Prince, 272 Mo. 68, 197 S. W. 241.] We therefore rule this point against petitioner.

The second proposition urged is that the petitioner was exempt from the service of civil process, because he was necessarily attending court at Hannibal to answer and defend against a criminal charge. But it does not appear that there was any fraud or deceit in procuring the presence of petitioner in a foreign jurisdcition. It was brought out in evidence that the petitioner was called to Hannibal by his brother, and we would not be authorized, from the facts as disclosed here, in finding that the prosecuting attorney acted in bad faith or fraudulently, or practiced any deceit in bringing the petitioner within the jurisdiction where he was served with process. [Christian v. Williams, 111 Mo. 429, 20 S. W. 96.]

The final proposition invoked in aid of the petitioner is that he lived in St. Louis County, Missouri, and, although served with process in Marion county, was not tendered his fees. The petitioner made no claim of a tender of fees at the time he was served, and, although section 5422, Revised Statutes 1919, says that a witness was not to be compelled to attend as such in a civil suit at a greater distance than forty miles from his place of residence unless his legal fees are tendered, yet the return of the officer makes no mention of petitioner's living more than forty miles away from the place where he is required to be as such witness, and section 5431, Revised Statutes 1919, says that the officer's return shall be conclusive of the facts therein stated. However, where a witness is not served away from the place

where he is required to attend trial, but is less than forty miles away at the time of service, and makes no claim of a tender of fees, he cannot invoke this statute in his aid.

We are of the opinion that the petitioner is not entitled to his discharge under our writ, and he is therefore remanded to the custody of the Sheriff of Marion County, Missouri.

*Daues, P. J.,* concurs and *Becker, J.,* concurs in the result in separate opinion.

## CONCURRING OPINION.

BECKER, J.—Petitioner here argues that it is an exercise of judicial power for a notary to determine whether or not a witness who refuses obedience to a subpoena is in contempt of such process and subject to punishment, and that therefore section 5460, Revised Statutes of Missouri, 1919, in so far as it seeks to vest such judicial power in notaries public, is in direct violation of section 1 of article 6 of the Constitution of Missouri. In light of the record before us I am of the opnion that the constitutional question is not before us, in that it has not been timely raised. It follows that I do not concur in what has been said in the majority opinion upon the question of the constitutionality of said section. I concur, however, in the view expressed therein on the other points discussed, and concur in the result.