WILLIAM S. HAYNES, Respondent, v. HENRY F. JOHNSON, Appellant.

**Kansas City Court of Appeals, February 21, 1910.**

1. **STATUTE OF FRAUDS: Original Undertaking.** Where one says to another, in speaking of the proposed search for the body of a drowned man, "you go ahead and I will see that you get your pay," and labor is performed in reliance upon that promise, it is an original undertaking and need not be in writing.

2. ————: ————: **Action Against Other Parties.** The fact that one permitted the use of his name with others in suing other parties, but protesting they did not owe him and defendant did, which suit was afterwards dismissed, will not conclude him in an action against the defendant, upon the faith of whose promise he performed the service.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*L. T. Dryden* for appellant.

The agreement was within the Statute of Frauds and therefore not enforcible. R. S. 1899, sec. 3418. The action should have been brought in Kaw township. Rottman v. Fix, 25 Mo. App. 571; Rottman v. Pohlman, 28 Mo. App. 399; Osborne v. Emery, 51 Mo. App. 413; Gill v. Reed, 55 Mo. App. 246; Frussel v. Williams, 87 Mo. App. 518.

*A. N. Adams* for respondent.

(1) The contract between William S. Haynes and Henry Johnson was an original undertaking upon the part of Johnson to pay Haynes daily wages, and the Statute of Frauds could not avail as a defense. Grain Co. v. Pierce, 106 Mo. App. 200; Hill Bros. v. Bank, 100 Mo. App. 230; Bradshaw v. Cochran, 91 Mo. App. 294; Beeler v. Finnel, 85 Mo. App. 438; Chick v. Coal Co., 78 Mo. App. 234; George and Lowe v. Williams, 58 Mo. App. 138; Sewer Pipe Co. v. Smith, 36 Mo. App. 608; Yoeman v. Mueller, 33 Mo. App. 343; Schell v. Stephens, 50 Mo. 375; Sinclair v. Bradley, 52 Mo. 180; Geelan v. Reid, 22 Ill. App. 166; Meldrum v. Kenefick, 89 N. W. 863 (15 S. Dak. 370) ; Block v. Galitzka, 100 N. Y. St. 173, 114 App. Div. 799. (2) Notwithstanding the fact that plaintiff permitted Chiles to make out a statement and lodge it with the justice, which was afterwards withdrawn, appellee, William S. Haynes, had the right if he could do so, to show the actual transaction between him and Henry Johnson, and if the transaction was such as made Johnson principal the Statute of Frauds was not available as a defense. Grain Co. v. Pierce, 106 Mo. App. 200; Ridgeway v. Liquidating Co., 62 Atl. 116, 71 N. J. Law 676; Nixon v. Jacobs, 53 S. W. 595, 22 Tex. Civ. App. 97; Wood v. Dodge, 120 N. W. 774.

ELLISON, J.—This is an action for work and labor, begun before a justice of the peace. On appeal to the circuit court the plaintiff recovered judgment.

It appears that Harry Turoff fell from a gasoline launch into the Missouri river and was drowned. Several were at the river bank and interested themselves in searching for his body. A reward of $25 was offered for finding the body. Plaintiff was approached with an offer or a suggestion of this reward. He said he could not undertake it for a reward, but would engage in the search if compensated in wages. Defend-

ant was a friend of the drowned man and said to plaintiff: "You go ahead and I will see that you get your pay." Plaintiff thereupon spent four days for which he charged two dollars and fifty cents per day.

Reliance is placed in section 3418, Revised Statutes 1899, of the Statute of Frauds, where it is declared that no one can be held for the debt of another unless there be an agreement therefor in writing. But that statute has no application to an original undertaking by the party sought to be charged, where the laborer extends the credit to that party and performs the labor on the faith of his engagement. [Newton Grain Co. v. Pierce, 106 Mo. App. 203.] We are cited to a case where the defendant said to the plaintiff: "Go ahead and I will see that you get your money," and it was held to be an original promise, not covered by the statute. [Meldrum v. Kenefick, 15 S. D. 370.] See also other like cases cited in plaintiff's brief.

There was evidence that plaintiff had given authority for his name to be used, with others, in a suit against other parties than defendant. But this was accompanied by other evidence, that he protested that the other parties sued had not engaged his services and that he looked to defendant for compensation. That action was afterwards dismissed. Plaintiff was not concluded by this. The court properly submitted to the jury whether plaintiff performed the labor on the sole credit of defendant's offer to compensate him.

An examination of the entire record shows the verdict to be for the right party, and it is affirmed. All concur.