STATE ex rel. L. S. WEAST, Relator, v. JOHN T. MOORE, Respondent.

Springfield Court of Appeals, May 6, 1912. Motion for Rehearing Denied June 3, 1912.

1. PROCESS: Non-Resident Defendant: Served While Attending Court in Another Action. A non-resident of the state of Missouri, when attending court as a defendant and witness in a cause in obedience to a summons and for the sole purpose of protecting his interest therein and of testifying in his behalf at the trial thereof in an action brought against him by a resident of the state and county wherein the action is pending, can be served with process and compelled to appear and defend in another action by the same party.

2. APPEAL AND ERROR: Supreme Court Decision. The Courts of Appeal are bound by the decisions of the Supreme Court.

3. ————: ————: Obiter Dictum. Where a record properly presents a question, a decision thereon is not *obiter dictum*, though perhaps the decision of some other point determines the affirmation or reversal of the judgment in that case.

4. PROCESS: Non-Resident Defendants: Served While Attending Court in Another Action. Section 1751, Revised Statutes 1909, governing the service of process on non-residents, makes no exceptions as to a non-resident who is served with process while attending court as a witness or party in another cause, and the courts are not authorized to make any exception. Following opinion of the Supreme Court in Baisley v. Baisley, 113 Mo. 544.

Original Proceeding by Writ of Prohibition.

WRIT DENIED.

*Hamlin & Seawell* for relator.

(1) The only Missouri cases upon this subject that we have been able to find are as follows: Christian v. Williams, 111 Mo. 429; Baisley v. Baisley, 113 Mo. 544. (2) In Wilson Machine Co. v. Wilson, 22 Fed. (Conn.) 803, this question is squarely presented and the court at page 804 calls attention to the case of Bishop v. Vose, 27 Conn. 1, cited in 113 Mo. 540, and drew a distinction between a non-resident plaintiff attending court and a non-resident defendant, holding that the latter was privileged. In Wilson v. Donaldson, 20 N. E. 250, 117 Ind. 356, 10 Am. St. Rep. 48, the Supreme Court of Indiana construes a statute similar to ours and upon similar facts, holding that the statute and the word "found" is considered in connection with the policy of the law which exempts a non-resident defendant from process while attending court. This is a strong decision and we call especial attention of the court to it. In 32 Cyc. 492 the doctrine of privilege is declared and cases of different states cited.

*Moore & Thornbury* for respondent.

GRAY, J.—This is an original proceeding in this court to obtain a writ of prohibition, prohibiting the Honorable John T. Moore as judge of the thirty-first judicial district of this state from entertaining further jurisdiction in a certain case in Stone county, wherein Nellie Wickersham is plaintiff, and the relator is the defendant.

The question to be determined is presented in the following agreed statement of facts: "It is agreed that the sole and only question to be decided is whether

a non-resident of the state of Missouri when attend-
ing court, as a defendant, and witness, in said cause
in obedience to a summons for the sole purpose of
protecting his interests therein and of testifying in
his behalf at the trial thereof, in an action brought
against him by a resident of the state and county
wherein said action is pending, can be served with
process and compelled to appear and defend an action
by the same party, after said former action is volun-
tarily dismissed by said resident plaintiff and the same
petition immediately re-filed in said court and sum-
mons issued and served upon said non-resident de-
fendant while attending said court as a party defend-
ant and witness in his own behalf in the former
action and before he has a reasonable time to return
to his home or leave said county after his attendance
upon the court for the purposes aforesaid.''

If we determine the question by the weight of
authority, it must be answered in the affirmative. In
Mullen v. Sanborn, 25 L. R. A. 721, the authorities are
collected in a note consisting of eighteen pages, and an
examination thereof will disclose that the authorities
are practically unanimous and hold that a non-resi-
dent party to a suit cannot be served with process
while temporarily within the state for the purpose of
attending as a party and a witness. The rule is well
stated in Cooper. v. Wyman, 29 S. E. 947, 65 Am. St.
Rep. 731, wherein the court said: ''As stated in
many of the cases, this settled rule is based upon high
considerations of public policy, not upon statutory
law, since it is the public interest that suitors and
witnesses from other states, who cannot be compelled
to attend our courts, may not be deterred from volun-
tarily appearing by fear of being served with process
in other actions; their presence, if obtainable, being
calculated to enable the courts to more thoroughly
educe the truth of the matters in litigation. In some
few of the earlier cases it was questioned whether the

privilege was not restricted to witnesses; but all the later and better considered cases embrace parties as well as witnesses, more especially since the change, which enables parties to be examined as witnesses."

The late cases are collected in Breon v. Lumber Co., 65 S. E. 214, 24 L. R. A. (N. S.) 276; Barber v. Knowles, 82 N. E. 1065, 14 L. R. A. (N. S.) 663; United States v. Zavelo, 177 Fed. 536; Chittenden v. Carter, 74 Atl. 884; Brook v. State ex rel., 79 Atl. 790; Long v. Hawken, 79 Atl. 190, and they fully sustain the proposition that the litigant is privileged while so attending as a party and a witness in a foreign state.

If we are not bound by controlling decisions of our own court, we would be inclined to adopt the rule supported by this great weight of authority, but the respondent claims our Supreme Court in Christian v. Williams, 111 Mo. 429, 20 S. E. 96, and Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29, declared otherwise. If this contention is true, then it must control our action. In the first case the defendants were residents of Randolph county, this state, and the plaintiff, of the city of St. Louis. One of the defendants had been served with process in the city of St. Louis, and while in attendance on the trial in that case, was served with a summons in another action, and he invoked the rule of privilege in his behalf. The court held against him, and said: "Witnesses as well as parties are protected from arrest while going to the place of trial, while attending there for the purpose of testifying in the cause, and while returning home. But this privilege at common law extended only so far as to discharge from arrest, when arrested on civil process, and did not abate the suit; that still went on, and the party arrested was held upon common bail, that is, he entered his appearance in the action. . . .

"Of course these remarks do not apply to a case where a party is induced by fraud or compelled by criminal process to enter within the boundaries of a county other than that of his residence.

"It is said that public policy demands that suitors, witnesses, etc., should be privileged from the service of civil process while attending court, lest they be deterrred from attending, and thus the administration of justice be obstructed. However this might be as to non-resident witnesses as to whom no process could issue, or as to non-resident suitors, as to whom it would be improper now to speak, it is sufficient to say that as to witnesses resident in this state we have process by which their attendance can be compelled from any part of this state. . . Moreover, it could hardly be deemed the public policy of this state to deny the service of civil process on a party attending court, when we have a statute whereby a plaintiff may have a summons directed to 'any sheriff in the state of Missouri,' with a possibility of bringing parties and suitors hundreds of miles to attend a common forum, remote from their homes and remote from their witnesses."

It may well be doubted whether this case, when considered alone, really announces a doctrine contrary to the weight of authority. But in Baisley v. Baisley, the process was served on a non-resident of this state while attending court herein, and considering his claim of privilege, our court said: "The fourth clause of section 2009, Revised Statutes 1889, provides that: 'When all the defendants are non-residents of the state, suit may be brought in any county in this state.' It will be observed that this clause is without limitation or restriction. . . .

"In the recent case of Christian v. Williams, 111 Mo. 429, we held that where a person was attending court in this state in the capacity of party in a county other than that of his residence, that he might be sued

in the county of the forum of his attendance, and that under the first clause of said section 2009, he was 'found' within the meaning of that clause, and that in such circumstances he could not successfully plead to the jurisdiction of the court where he was thus served. In thus construing that clause of the section, we gave the word 'found' its ordinary meaning, and we do not see why we should not do the like in construing the fifth clause of same section, and accord to its words their usual import and customary meaning. The defendant is a non-resident; being such, he may be sued in any county in the state; for so the statute provides, and it must control. The statute makes no exceptions, and we are not authorized to make any.''

It is true in the Baisley case the court, after holding as above set forth, gave the additional reason that the plaintiff had voluntarily come into Missouri and instituted a suit against a resident of this state, and therefore, had waived his right to stand on his question of privilege. In so holding, the court was in line with the weight of authority, and it was not absolutely necessary for the court to have put its decision on the broad ground that no non-resident suitor is exempt in this state, and for this reason the relator claims that so much of the decision as we have copied into this opinion, is mere dictum and not controlling.

In Kane v. McCown, 55 Mo. 181, it is held that where the record properly presents a question, a decision thereon is not *obiter dictum*, though perhaps the decision of some other point determines the affirmation or reversal of the judgment in that case. And this is the general rule. [Gibson v. Chouteau, 7 Mo. App. 1; Union P. R. Co. v. Ry. Co., 199 U. S. 160, 26 Sup. Ct. Rep. 19; also same case in 128 Fed. 230; King v. Pauly, 115 Pac. 210; Chicago, B. & Q. R. Co. v. Board of Supervisors, 182 Fed. 291; Kierman v. City of Portland, 112 Pac. 402; Spratt v. Power Transmis-

sion Co., 94 Pac. 631; People v. Reed, 84 N. E. 214; State v. Brookhart, 113 Iowa 250, 84 N. W. 1064; Michael v. Mowry, 26 Md. 230, 90 Am. Dec. 106.]

In the Baisley case the Supreme Court plainly held that the statute governing the service of process on non-residents makes no exceptions, and that the courts are not authorized to make any, and from a reading of that case it will appear that the finding of the court would have been based on that ground alone, if no others had been presented; and this being true, the decision is binding on this court, and therefore, the permanent writ is denied.

All concur.