Henry J. Mertens v. Joseph F. McMahon, Appellant.—66 S. W. (2d) 127.

Division One, December 6, 1933.

*Leahy, Saunders & Walther* and *Lyon Anderson* for appellant.

*L. G. Graf, Luke E. Hart* and *Herbert M. Hart* for respondent.

178

STURGIS, C.—This cause is in this court on certification by the Kansas City Court of Appeals because that court deemed its opinion in the case in conflict with an opinion by the St. Louis Court of Appeals. The suit is the third one which the plaintiff has filed against defendant for the cause of action sued upon, to-wit, for work and labor done and material and tools furnished in connection with the construction of a State Highway in Gasconade County, asking judgment in each case for $2.170.54. The defendant is the general contractor for the construction of the highway and one Christ J. Haeffner was subcontractor under him to do the grading work. The real contest between the parties is as to whether plaintiff did this work for the defendant as general contractor or for the subcontractor, Haeffner, but that is not the principal question here. The question here is one of jurisdiction of the court over the person of the defendant, who is the appellant from a judgment against him.

This question arises in this way: The defendant was at all times a resident of the city of St. Louis and the plaintiff a resident of Gasconade County. After the road work was all done, the plaintiff, claiming that defendant had agreed to pay him therefor, brought suit against him in St. Louis and got service on him there, the place of his residence. For some reason not fully disclosed by the record, plaintiff later dismissed that suit. Just before dismissing the first suit, plaintiff brought another suit on the same cause of action in Gasconade County, where plaintiff resided, against defendant and the subcontractor, Christ J. Haeffner, also a resident of Gasconade County, claiming that both such defendants were liable to him for the work done and tools furnished in this road work. Plaintiff obtained service on the defendant Haeffner in Gasconade County and had summons issued to St. Louis and served on this defendant there.

This was proper for the reason that one of the defendants was a resident of the venue of the suit. Section 720, Revised Statutes 1929, subdivision 2. However, when that cause came on for hearing this defendant, appearing for that purpose only, filed his answer containing a general denial and a plea in abatement and to the jurisdiction of the court, alleging "that the said other defendant herein named, Christ J. Haeffner, is not a necessary or proper party to this proceeding, and is joined herein for the sole purpose of attempting to confer jurisdiction on this court against said defendant, Joseph F. McMahon; that the said Haeffner is not an 'adverse party' within the meaning of the statute in such cases made and provided; . . . that the joinder of said Christ J. Haeffner, defendant herein, is colorable, fraudulent and fictitious . . .; that under the statutes of this State and the decisions construing the same, the said joinder of said Haeffner for the purpose aforesaid is prohibited and forbidden." This plea to the jurisdiction also recited the bringing of the first suit by plaintiff against this defendant in St. Louis, defendant's appearance therein, and the dismissal of same soon after the filing of this second suit in Gasconade County. The record does not show any of the details of the trial of such second suit (the first one in Gasconade County), but a judgment was entered therein at the September Term, September 16, 1925, reciting the appearance of the parties, "and the matters and things herein being now submitted to the court, upon the pleadings and evidence adduced by both parties in said cause, the court, upon consideration of the same, doth sustain said plea in abatement. It is therefore considered and adjudged by the court that the petition filed herein be and the same is hereby dismissed as to Joseph F. McMahon." It is not shown what was done in that case as the joint defendant, Christ J. Haeffner.

On the same day the said second suit was disposed of as stated, September 16, 1925, plaintiff filed in Gasconade County the present or third suit on the same cause of action against this defendant alone and had summons issued and served on him that day by the sheriff of and in Gasconade County. That sheriff testified that he served the summons in the present case on the defendant on the day of the trial of the second suit mentioned "right after the case was decided, before he went down the steps;" that defendant was in that county interested in the case of Mertens v. McMahon and Haeffner and the service in the present case was had on the day that case was tried and disposed of. The summons was regular in every way, issued by the Circuit Clerk of Gasconade County in the case pending there and the service was personal on defendant in that county. The point of importance is that this defendant, who is a resident of St. Louis, having been sued in Gasconade County jointly with Christ J. Haeffner and service had on him in St. Louis, came to Gasconade County to defend that action on his plea to the jurisdiction of that court,

and having successfully disposed of that case he was immediately and while yet in the courthouse served with summons in the present case on the same cause of action and required to again appear and defend, regardless of how wrongfully he was sued there. [Vastine v. Bast, 41 Mo. 493.]

This the defendant did, and, entering his appearance for that purpose only, filed his combined plea in abatement and answer in the present case. The answer on the merits is a general denial coupled with a plea that the debt sued for was a promise to answer for the debt of Haeffner, not in writing, and that the promise was without consideration. The plea in abatement or to the jurisdiction of the court averred that defendant was not a resident of Gasconade County, where the suit was filed and pending, but of St. Louis; that the filing of said suit and the service of summons on defendant while in Gasconade County was merely colorable and was fraudulent and void and done for the sole purpose of enabling plaintiff to confer jurisdiction on the Circuit Court of Gasconade County over the defendant, a resident of St. Louis. The plea to the jurisdiction recited the filing of the first suit in St. Louis, the obtaining of jurisdiction there, and the dismissal of that suit. Defendant further averred that "he was a resident of the city of St. Louis; that prior to the 16th day of September, 1925, plaintiff wrongfully instituted suit in the Circuit Court of Gasconade County against defendant herein and Christ J. Haeffner, upon the alleged cause of action set forth in plaintiff's petition filed herein, and wrongfully had summons issued against this defendant and served upon him, and that pursuant to said summons in said suit this defendant was required and compelled to and did file his plea in abatement in said cause denying the jurisdiction of this court therein; that in obedience to said summons and for the protection of his interests this defendant was compelled and required to appear at the Circuit Court of Gasconade County, held at Hermann, on the 16th day of September, 1925, and was required and compelled to testify in support of his said plea in abatement, and that upon the hearing of the evidence and arguments upon said plea in abatement in said cause the same was by the court sustained and said cause dismissed; that this defendant was served with the summons therein in the corridor of the courthouse of Gasconade County at Hermann, Missouri, on the 16th day of September, 1925, as he was leaving the court room, immediately following the court's decision sustaining said plea in abatement, and while still in the county of Gasconade for the purpose of presenting and defending the said plea in abatement; and while still in said county of Gasconade the plaintiff did wrongfully and fraudulently cause to be prepared the petition herein and did cause to be issued the summons herein and did procure the sheriff of the county of Gasconade to serve the said writ of summons upon him in this action; that the filing of this

suit and the service of the summons herein constitute an abuse of the process of this court at the instance and procurement of the plaintiff in order to compel defendant to appear and to defend the suit in Gasconade County, and that, therefore, the issuance of said summons and the service thereof upon this defendant, as aforesaid, are fraudulent and void.''

When the case came on for hearing the court by common consent first heard the plea in abatement or to the jurisdiction and defendant's allegations in that respect were proven without contradiction. The pleadings and record of the court in the former or second suit by plaintiff against this defendant and Christ J. Haeffner jointly in Gasconade County were put in evidence and showed that this defendant had been served with summons in that case in St. Louis, had filed his answer and plea to the jurisdiction of the court in Gasconade County over him, and that the court heard and sustained that plea, discharging the defendant; that defendant was present in court and testified in his own behalf on that hearing and that the present case was filed and summons issued and served on defendant while yet in the courthouse.

That plaintiff had prepared and filed the present suit and had summons issued and ready for service in the hands of the sheriff, in anticipation of the action of the court in sustaining defendant's plea to the jurisdiction in the other suit, is too plain for argument. While there is nothing to show plaintiff's bad faith in bringing the other or second suit in Gasconade County jointly against the two defendants, one of which resided there, and thus attempting to get jurisdiction over this defendant for trial in that county, it is apparent that plaintiff was determined to try the case in his own county of Gasconade instead of the defendant's county, the city of St. Louis, and to that end brought the present suit so as to get service on defendant while he was in Gasconade County attending the trial of such other case should the result be as it was.

The first question for our determination is whether the jurisdiction of the Circuit Court in Gasconade County obtained in the manner stated can be upheld. Our statute, Section 720, Revised Statutes 1929, as to the place of bringing suits, provides that when the defendant is a resident of this State, the suit shall be filed, first ''in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county.'' The place of bringing suits against a single resident of this State is in the county where the defendant resides, or where the plaintiff resides and the defendant may be found, and against two or more defendants residing in different counties, then in a county where one of them resides. This plaintiff, desiring to sue defendant, therefore properly

brought suit against him in St. Louis where he resided. If there was another person, to-wit, Christ J. Haeffner, jointly liable to plaintiff on the cause of action sued on, it was proper, under Section 703, Revised Statutes 1929, to join him as a codefendant. Plaintiff could have done this by making Haeffner a defendant in his suit in St. Louis and having summons issued from that court and served in Gasconade County. Instead of doing this, he chose to dismiss the suit in St. Louis and institute a new suit in Gasconade County, making Haeffner, who resided there, a codefendant with this defendant under the second subdivision of the statute quoted and having summons issued to St. Louis for defendant McMahon, thus making the case triable in Gasconade County. The plaintiff's right to do this depended on the fact that the other defendant, Haeffner, was jointly liable to plaintiff with defendant McMahon. [State ex rel. Jackson v. Bradley, 193 Mo. 33, 91 S. W. 483.] And if the joinder was merely colorable for the purpose of giving jurisdiction to the Circuit Court of Gasconade County over this defendant, a resident of St. Louis, then the procedure could not be upheld. [Graham v. Ringo, 67 Mo. 324.] In any event, the record here shows that on the trial of the issue of jurisdiction over the person of defendant McMahon, the court in such other case held and entered judgment as above recited sustaining defendant McMahon's plea in abatement of that action and dismissing the petition as to him. No appeal was taken and that judgment stands as a final adjudication that the Circuit Court of Gasconade County acquired no jurisdiction over this defendant in that action, but it did compel him to attend court there.

As we have said, this plaintiff anticipated that such would be the action of the court in that case and filed the present independent suit in Gasconade County against this defendant McMahon alone and seeks to sustain the jurisdiction of that court over the defendant on the theory that plaintiff brought the suit in the county within which the plaintiff resides and the defendant was found. This is in accordance with the strict terms of the statute as defendant was found and served with process in Gasconade County, and plaintiff takes the position that it makes no difference how or why this defendant came to be in Gasconade County and was found there, and that the court could and should have made no inquiry on that point. On the other hand, the defendant says that he was in that county only because he had been wrongfully sued and summoned there to answer an action against him and Haeffner jointly, and that he had a right to appear in that court and county without subjecting himself to another suit by plaintiff on the same cause of action.

The right and privilege of a party directly interested in a pending case to attend the trial of the same in the court where pending, not being a resident of that jurisdiction, by going there solely to attend court in that case, without subjecting himself to the liability of being

sued in another action brought in that court and jurisdiction, is a principle well established at common law and upheld in most jurisdictions. Thus in 50 Corpus Juris, page 548, section 227, it is said: "In the majority of jurisdictions, the rule is now established that, like witnesses, suitors, in attendance in a court outside of the territorial jurisdiction of their residence, are immune from service of civil process, while attending court, and for a reasonable time before and after, in going to court and in returning to their homes." A formidable array of cases from some thirty states are cited as so holding, including the Supreme Court of the United States, which in Stewart v. Ramsay, 242 U. S. 128, 129, 61 L. Ed. 192, said: "The true rule, well founded in reason and sustained by the greater weight of authority, is, that suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." It is then pointed out in Section 229 of 50 Corpus Juris, page 549, that while in most states this rule is applicable to plaintiffs and defendants alike, yet in some jurisdictions it is not applied to plaintiffs who voluntarily institute suits and attend courts therein in jurisdictions other than that of their residence, but that it is applicable to a *defendant* sued and summoned to attend court there. A few courts also make exceptions of plaintiffs who are non-residents of the State. As to residents of a state attending court in another county than that of their residence, 50 Corpus Juris, page 550, section 231, says: "In jurisdictions where the majority rule respecting immunity of suitors in attendance in a court outside of the territorial jurisdiction of their residence prevails, it has generally been held that a resident of a state who attends court as a litigant in a county other than that of his residence is privileged from the service of summons in an action brought in that county." It is said that Missouri is out of line as to this rule, but we will see later to what extent this is true. In 21 Ruling Case Law, section 50, page 1305, the rule is stated thus: "The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized. As to whether a suitor is entitled to a like exemption there is some conflict in the authorities. In some states the courts hold that while a non-resident witness is exempt from the service of process in another suit, a non-resident suitor is not entitled to such an exemption. But a different view has been taken by the *great weight of authority*, which declares both party and witness alike entitled to the privilege, especially in states where parties are entitled to be examined as witnesses. The rule is broad enough to include plaintiff as well as defendants, and no distinction has generally been made between them, although there are contrary decisions." It is also there pointed out that the rule is especially ap-

plicable to defendants, though not to plaintiffs who voluntarily go into other jurisdictions to prosecute their own cases. As to non-residents of counties going into such counties to attend court, this is said in 21 Ruling Case Law, page 1312, section 58: "The decisions with reference to immunity of witnesses or parties from service of process or summons within the same state, but in counties other than their residence, are in conflict. It is the general rule that one who is in good faith in attendance as a party and witness on the trial of a cause in a county other than that of his residence is privileged from the service of civil process. It is held that this privilege extends to such person while he is going to court and returning therefrom." In the annotations to Underwood v. Fosha, a Kansas case, in 9 Ann. Cas. 835, many cases are cited to the proposition that: "It is the general rule that one who is in good faith in attendance as a party and witness upon the trial of a cause in a county other than that of his residence, is privileged from the service of civil process. It is held that this privilege extends to such person while he is going to court and returning therefrom. . . . It is the general rule that a person who is attending court as a party in a county other than that of his residence cannot be served with civil process. This privilege from the service of civil process may be claimed by him while he is going to court and until he has had a reasonable time to return to his home." It is useless to cite the multitude of cases upholding this rule of law. The same may be found cited in the authorities we have mentioned. The Springfield Court of Appeals in considering this question in State ex rel. Weast v. Moore, 164 Mo. App. 649, 651, 147 S. W. 551, said: "If we determine the question by the weight of authority, it must be answered in the affirmative. In Mullen v. Sanborn, 25 L. R. A. 721, the authorities are collected in a note consisting of eighteen pages, and an examination thereof will disclose that the authorities are practically unanimous and hold that a non-resident party to a suit cannot be served with process while temporarily within the state for the purpose of attending as a party and a witness. . . . The late cases are collected in Breon v. Lumber Co., 65 S. E. 214, 24 L. R. A. (N. S.) 276; Barber v. Knowles, 82 N. E. 1065, 14 L. R. A. (N. S.) 663; United States v. Zavelo, 177 Fed. 536; Chittenden v. Carter, 74 Atl. 884; Brook v. State ex rel., 79 Atl. 790; Long v. Hawken, 79 Atl. 190, and they fully sustain the proposition that the litigant is privileged while so attending as a party and a witness in a foreign state. If we are not bound by controlling decisions of our own court, we would be inclined to adopt the rule supported by the great weight of authority."

It is to be noted in the above authorities that the decisions in this State do not uphold to the full the broad rule of exemption of suitors and witnesses from service of civil process while attending court in good faith in a state or county other than that of their

residence. Indeed it seems that our courts have wholly repudiated the doctrine that mere attendance at court either by a suitor or a witness, when service of process in another action is had on such suitor or witness, is ground for discharge from such action. Since physical arrest of the person is no longer made in civil cases in this State, the ancient reason for the rule that suitors and witnesses shall not be *arrested* while attending court, as tending to interfere with the due administration of justice, no longer exists. Service of summons in another case on a party attending court does not seriously interfere with the business or procedure of court (Christian v. Williams, 111 Mo. 429, 20 S. W. 96), but that is not the only reason for the rule.

In the case of Christian v. Williams, supra, one of the defendants, a resident of Randolph County, was attending court in St. Louis as a witness in a case pending there, and while so attending was served with summons in the case mentioned brought in St. Louis. On his plea to the jurisdiction, the court refused to discharge him, and this court approved the ruling. This seems to be a direct holding that the mere fact that a person is in attendance at court as a witness at a place other than his residence, and the same would apply to a suitor in a case, is no reason for exempting him from service in a civil action. But it should also be noticed that in the Christian case the plaintiff in the suit in which the service was had on defendant was not interested in the case on trial when the service was had and was in no way instrumental in causing the person he sued to be "found" in that jurisdiction, and in that case this court was careful to say: "Of course these remarks do not apply to a case where a party is induced by fraud or compelled by criminal process to enter within the boundaries of a county other than that of his residence. As to which see Vastine v. Bast, 41 Mo. 493; Capital City Bank v. Knox, 47 Mo. 334; Byler v. Jones, 79 Mo. 261." The case of Baisley v. Baisley, 113 Mo. 544, 21 S. W. 29, is thus stated by the court: "Action for libel; both parties are residents of Baker County in the State of Oregon. The defendant had brought a suit by attachment against the plaintiff, who owned a farm in Chariton County. While the suit by attachment was pending in Chariton County, and while the suit by attachment was in progress of trial, and while both parties were in attendance thereon, the present action was brought by plaintiff and service had on defendant in usual form, October 28, 1885. Defendant, appearing only for the purposes of the plea, pleaded to the jurisdiction of the court on the ground of the non-resident of both parties to this action, as aforesaid." As to the validity of the service on defendant while he was attending court in Chariton County as plaintiff in the action brought by him in that court, this court said: "In the recent case of Christian v. Williams, 111 Mo. 429, we held that where a person was attending court in this State

in the capacity of party (witness) in a county other than that of his residence, that he might be sued in the county of the forum of his attendance, and that under the first clause of said Section 2009, he was 'found' within the meaning of that clause, if the sheriff served process on him, and that in such circumstances he could not successfully plead to the jurisdiction of the court where he was thus served.'' And the court further noted that defendant, plaintiff in the case on trial when he was served, being a non-resident of this State, could under our statute be sued in any county where service could be had on him under the fourth subdivision of Section 720, Revised Statutes 1929. Then as the real basis of upholding the service in that case, this court said: ''Besides, the defendant (a non-resident), by voluntarily coming into the State of Missouri (and bringing suit in Chariton County), subjected himself to the jurisdiction of our courts; certainly so under the statutory provisions already cited. (Cases cited.) Again no authority goes to the extent of holding that a person going into another state may not be sued just like an inhabitant of such state; and it is difficult on principle to see why a non-resident may be validly served with summons in a civil action a few days before court convenes, and yet the service of a similar process be invalid the day after court convenes. We think the better rule is that announced in Connecticut, where it is held that a non-resident party plaintiff who *voluntarily* enters court in that state is as amendable to ordinary civil process in another action, as if he were a resident. [Bishop v. Vose, 27 Conn. 1.]'' In Bledsoe v. Letson (Mo. App.), 215 S. W. 513, the defendant, when sued in Audrain County, filed a plea to the jurisdiction of the court on the ground that he, being a citizen of Illinois, was, when served with process, attending court as a witness in another case pending there, but it was not shown that the plaintiff had any interest in such other case or was instrumental in causing defendant to come into Audrain County as a witness or suitor. That case is in accord with the Christian and Baisley cases, supra, but goes no further. In State ex rel. Weast v. Moore, 164 Mo. App. 649, 147 S. W. 551, the Springfield Court of Appeals fell into error in its interpretation of the court's holding in Christian v. Williams, and Baisley v. Baisley, supra, as upholding the doctrine that ''no non-resident is exempt in this State'' from service of process while attending court here, as this court has never so held when it was shown that the defendant was in the county where sued as a defendant in an action wrongfully brought against him, and by the same plaintiff, and was there solely for the purpose of freeing himself from the jurisdiction of the court in such other case by a plea to the jurisdiction. Such is this case. The Springfield Court of Appeals, however, righted itself in the case of Groce v. Skelton, 206 Mo. App. 471, 230 S. W. 329, when it held that a plaintiff could not obtain jurisdiction over a defendant by

first bringing suit against him in the county of his residence, then serve notice on him to take depositions in another county, that of plaintiff's residence, and when defendant came there to attend the taking of the depositions, dismiss the first suit and bring a new one on the same cause of action and get service on defendant there on the theory that the second suit was brought in the county where plaintiff resided and defendant was "found." That court, on a plea to the jurisdiction, inquired into how and why defendant was "found" in the county of plaintiff's residence and on ascertaining the facts showing that his presence there was procured by plaintiff's artifice, if not fraud, in the manner stated, sustained the plea to the jurisdiction. The plaintiff in that case produced evidence that in bringing the suit in the county of defendant's residence and then giving notice to take depositions in the county of plaintiff's residence, he did not do so in bad faith, intending at the time to dismiss the first case and bring the second one in the county of plaintiff's residence when defendant appeared there under the notice to take depositions, but the court said: "Legal fraud is measured by the facts and actions of the parties and the net result. It is probably true that the attorney for plaintiff in this case did not have a preconceived idea to file a new suit in West Plains at the time he gave notice to take depositions in the Greene County action, yet before the time came for taking that deposition he undoubtedly had the idea of dismissing the case because he actually filed this suit the day before the depositions were to be taken. This amounts to a legal fraud, and as all the authorities clearly hold that process procured by fraud or misrepresentation cannot be permitted to stand, we must hold that the service in this case was bad and that the court should have sustained the plea in abatement. . . . We realize that the rule in Missouri is somewhat out of line with the great weight of authority in the United States concerning the exemption of witnesses, suitors, etc. [32 Cyc. 493, 497; 21 R. C. L., p. 1305, secs. 50 and 51, under title of process.]

All the cases, however, and even those in Missouri, refuse to uphold a process which has been procured by either an actual or legal fraud or misrepresentation. (Cases cited.)" The facts in this case show legal, if not actual, fraud in obtaining the presence of defendant in Gasconade County and then getting service on him in this case. If the plaintiff was acting in good faith in bringing the suit against this defendant and Haeffner in Gasconade County, then when the court decided adversely to him on the question of jurisdiction in that county over the defendant, the plaintiff should have appealed the case if he thought he was wronged, or should have abandoned suit in that county and later brought suit in the county of defendant's residence, or waited until defendant could be found in Gasconade County other than while attending court in the case

brought there by him. The trial court in the present case should have sustained the defendant's plea to the court's jurisdiction.

█ The other contention of plaintiff is that though the court erred in not sustaining defendant's plea to the jurisdiction of the court, yet the defendant waived the question of jurisdiction and entered his general appearance by participating in the trial of the case on its merits. The record shows that on the court's adverse ruling on the question of jurisdiction, the trial proceeded on the merits and the defendant testified on that issue. We have noted that defendant combined in his answer filed a plea to the jurisdiction of the court, stating the facts as to that issue and also matters of defense to the merits. In doing this the defendant followed the statute, Section 768, Revised Statutes 1929, which provides that "the only pleading on the part of the defendant is either a demurrer or an answer." A demurrer only reaches defects shown by the record, and as the record in this case was regular and the want of jurisdiction could only be shown by evidence *dehors* the record, it was necessary to raise such defense by answer. And so it has been held by a long line of cases in this State that it is proper and in fact necessary when both pleas are to be insisted on to join a plea in abatement, going to the court's jurisdiction when the facts sustaining such plea are not of record, with the plea to the merits. "It was competent for the defendants to unite in the same answer matter in abatement and matter in bar." [Christian v. Williams, 111 Mo. 429, 443, 20 S. W. 96; Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261.] In Roberts v. American Nat. Assur. Co., 201 Mo. App. 239, 243, 212 S. W. 390, the court said: "The fact that the cause of action did not accrue in Schuyler County was not disclosed by anything in the petition, nor did the absence of jurisdiction on account of improper venue appear there or in the sheriff's return. Hence, the only way to question the court's lack of jurisdiction was by a plea to the jurisdiction in the answer. [Little v. Harrington, 71 Mo. 390.] Our Code contemplates but one answer, which must contain all the defenses, and, therefore, the coupling of a plea to the jurisdiction which must be raised by answer, with a plea to the merits, does not waive the matter of jurisdiction. Cohn v. Lehman, 93 Mo. 574; Meyer v. Phoenix Ins. Co., 184 Mo. 481, 487; Thomasson v. Mercantile, etc., Ins. Co., 217 Mo. 485; Newcomb v. Railroad Co., 182 Mo. 687;" and a number of other Missouri cases are cited as so holding. Plaintiff is, therefore, clearly wrong in his contention that by filing his answer to the merits, joined to his plea to the jurisdiction, defendant abandoned or waived the latter.

This case must be distinguished from the many cases where the facts showing the want of jurisdiction, as, for instance, a lack of proper summons or a defective service of the same, or that the case is brought in the wrong jurisdiction, appear in the records of the court, for

then such defect must be raised by demurrer or motion to quash, and if not so raised will be deemed to be waived. "But in such cases (appeals from justice courts) and in other cases where the defect in jurisdiction appears on the face of the petition or in the return, the point cannot be raised by answer; and a defendant is not entitled to join such defense with a defense to the merits in one pleading, as he is in the case at bar." [Roberts v. American Nat. Assur. Co., 201 Mo. App. 239, 247, 212 S. W. 390. See, also, on this point, Harris v. McQuav (Mo. App.), 300 S. W. 305, 307; Thomasson v. Mercantile Town Mut. Ins. Co., 217 Mo. 485, 116 S. W. 1092.] The cases on this point are reviewed in Kingman-St. Louis Implement Co. v. Bantley Bros. Hardware Co., 137 Mo. App. 308, 118 S. W. 500. and the conclusion reached that where a question of jurisdiction of the person appears on the face of the record, the defendant must take advantage of it by demurrer or appropriate motion, and in such case by pleading to the merits the defendant waives the defect. But where the question of jurisdiction over the person of the defendant is not shown by the record. the defendant may and should join his plea to the jurisdiction with the plea to the merits and does not waive his plea to the jurisdiction by so doing.

When, as here. it is proper and necessary to join the plea to the jurisdiction and the plea to the merits in the same answer, it is held to be in the discretion of the trial court, and the better practice is to have separate trials of these issues. trying the question of jurisdiction first, as was done in this case. [Byler v. Jones, 79 Mo. 261, 263-4; Harris v. McQuav (Mo. App.), 300 S. W. 305. See Sec. 951. R. S. 1929; Clark v. Railroad, 234 Mo. 396, 413, 137 S. W. 583; Roberts v. American Nat. Assur. Co., 201 Mo. App. 239, 245, 212 S. W. 390.]

It is also well settled that if a trial of the plea to the jurisdiction is first had and the plea overruled by order or judgment of record, such is not a final judgment from which an appeal lies. The case is yet in court and the defendant must abide the trial on the merits before he can take steps to correct the error by appeal. [Case v. Smith. 215 Mo. App. 621, 625, 257 S. W. 148; Jones v. Evans. 80 Mo. 565; Tamblyn v. Chicago Lead & Zinc Co., 161 Mo. App. 296, 301, 143 S. W. 1095.]

It is also held. and we think properly so, that where a defendant must join in his answer both his plea to the jurisdiction of the court, requiring evidence to sustain same, and his plea to the merits, he has a right to anticipate that both issues will be tried and to take depositions of witnesses to support both issues and otherwise prepare for trial as to both. The trial of the plea to the jurisdiction on evidence *dehors* the record often raises a mixed issue of law and fact, and it is the common experience of lawyers that they can never

be sure that the court will take the right view of the law or the jury take the right view of the facts.

The question here is, must the defendant then, after properly joining his plea to the jurisdiction and to the merits in one answer and procuring his evidence and preparing generally for trial on both issues, be compelled, when the court has made a ruling or announced a decision adverse to him on the question of jurisdiction, except to the court's ruling, step aside, virtually confess his indebtedness to plaintiff by becoming a mere spectator to an *ex parte* trial of the merits, and then appeal on the question of jurisdiction only? Of course, such defendant must not take any affirmative action in the case showing that he is willing to submit the trial of the whole case to the court or jury before which it is pending, such as taking a change of venue (Cook v. Globe Printing Co., 227 Mo. 471, 521, 127 S. W. 332), or asking for a continuance of the whole case, and must not seek affirmative relief on his part such as filing a counterclaim, etc. We are here discussing the question whether the mere fact of his participating in the trial of the merits on the issues raised by the answer, having objected to the jurisdiction and limited his appearance at every step and exhausted every means to keep the court within its jurisdiction over him, will be taken as conclusively showing waiver of the question of jurisdiction. That is the case here.

We do not find any case in this court going that far on the question of waiver. We will note the cases most relied on by plaintiff and the Kansas City Court of Appeals as holding that there is a waiver. Kronski v. Missouri Pac. Railroad Co., 77 Mo. 362, 368, was an appeal from a justice of the peace. The defendant, after filing a motion to dismiss in the justice court on the ground that the "return of the constable did not give the court jurisdiction over the defendant," tried its case and appealed to the circuit court, where defendant appeared and had a trial *de novo*. The court held that by appearing and defending on the merits, the defendant waived the question of "the defect in the service of the summons." It is well settled that on appeals from justice courts the circuit court tries the case *de novo* and disregards all irregularities and defects in the proceedings in the justice court. That case is not in point here.

Cudahy Packing Co. v. Railway Co., 287 Mo. 452, 230 S. W. 82, holds that an appeal from a justice court is an entry of general appearance in the circuit court and waives irregularities and defects of service in the justice court, overruling on this point Meyer v. Insurance Co., 184 Mo. 481, 83 S. W. 479, but the court there said: "It may be conceded that defensive matter in abatement may be pleaded in the same answer with matter in bar without being waived thereby. It may also be conceded that 'in an ordinary action an appearance solely to challenge jurisdiction for want of service gives no jurisdiction of the person.' [State ex rel. Bulger v. Southern, 278

Mo. 1. c. 621.] Let it also be conceded that after such a special appearance, in a proper case, movant ordinarily may proceed with the case without thereby waiving the point of jurisdiction. . . . Let it be again conceded that he may do such things as would, absent the previous objection, have amounted to a general appearance, without waiving the objection.'' Little v. Harrington, 71 Mo. 390, quotes with approval from Bliss Code Pleading, section 345, thus: ''Matter in abatement is as much a defense to the pending action as matter in bar, and to say that the defendant may reserve the latter until a trial shall have been had upon the issues, in regard to the former, would interpolate what is not in the statute; would be inconsistent with its plain and simple requirements.''

In Newcomb v. Railroad, 182 Mo. 687, 81 S. W. 1069, a suit against a foreign corporation doing business in this State, the court said: ''The point is made that the original summons was not served on the defendant in such manner as to bring the defendant into court and give the court jurisdiction over it.'' The defect in the sheriff's return to the summons was that it did not show the statutory requirement that when the service was had on defendant's agent in St. Louis, he was at defendant's office or place of business, or that defendant had no such office or place of business where the writ could be served. This was a mere defect in the matter of service and did not go to the territorial jurisdiction of the court and the defect struck at appeared on the face of the record, the court ruling that the facts stated in the sheriff's return could not be controverted. The procedure in that case was complicated, but the court held that: ''For this reason this return was insufficient to bring the defendant into court, and if a motion to quash it had been made the court should have sustained it. . . . The defendant could have made a special appearance for the purpose, and moved to quash the return for the *insufficiency appearing on its face,* and if the court had overruled the motion the defendant could have preserved its exception and have withdrawn, and if the court had then proceeded to render judgment for the plaintiff the judgment would have been reversed on appeal. . . . It is true that under our system a plea in abatement is not waived by a plea in bar in the same answer, and the defendant must include all his defenses in one answer. But the insufficiency of this return was not a point to be presented by the plea (to the merits) at all. It was out of place in the answer.'' The defendant had filed its answer containing both the plea in abatement and defenses to the merits. The court properly held that as the defect in the service of the summons appeared on the face of the record, it could only be taken advantage of by a motion to quash the summons and that ''it was out of place in the answer.'' The substance of the court's ruling in that case is that where the defendant is merely striking at a defect in the service of process on

defendant which appears on the face of the record and cannot be controverted, the method of attack must be by motion to quash or demurrer, which raises questions of law only, and if the court overrules the motion to quash or the demurrer, the defendant must stand on the same or he abandons the point. This is but following the general rule that answering over and going to trial on the merits waives a demurrer. What was there said about an answer and participating in the trial on the merits, instead of standing on the motion or demurrer, being a waiver of the plea to the jurisdiction, was said as to a plea raising a question of law only and which could not be joined with a plea to the merits. It is not so held as to a plea to the jurisdiction of the court to be proven by evidence *dehors* the record and properly raised by answer going to the merits also.

This rule is well illustrated by Thomasson v. Insurance Co., 217 Mo. 485, 116 S. W. 1092; same case, 114 Mo. App. 109, 89 S. W. 564, where the suit was brought in the right court and the only objection was that the return of service did not show jurisdiction over the particular defendant. This defect was apparent of record and was purely a question of law and the court held that it must be taken advantage of, if at all, by motion to quash the return, and not by answer, and since defendant filed an answer joining the objection to the service appearing on the record with an answer to the merits, it waived the objection to the service and entered its general appearance. The court there, after citing Newcomb v. Railroad, 182 Mo. l. c. 707, 81 S. W. 1069, said: "So, in this case there can be no doubt that our statute expressly gives jurisdiction over the defendant company, provided, of course, that the proper process is issued and served upon it. And if the defendant desires to stand upon the *insufficient service of the writ in this case,* its remedy was to move especially to quash the same and if the motion was overruled then to withdraw from further appearance. But the defective service was waived by the general answer to the jurisdiction over its person. . . . It only remains to be added that in Meyer v. Insurance Co., 184 Mo. 481, when this court said the defendant can unite in the same pleading a plea to the jurisdiction as to the person, as well as to the subject-matter, with a plea to the merits, without waiving the question of jurisdiction, it meant no more than that the plea to the jurisdiction must be one in which the court had no jurisdiction of the person under the law and did not mean the mere insufficient service of a summons in a case in which the court had jurisdiction upon a proper service of the writ. That case is in entire harmony with the decision in Newcomb v. Railroad, 182 Mo. 707."

Both the procedure and the question involved in State ex rel. v. Grimm, 239 Mo. 135, 143 S. W. 483, are peculiar and unusual, and I do not see that the question of waiver involved here was there involved or decided. That is a case by prohibition in this court to

prevent the circuit court in St. Louis from proceeding further in the trial of a suit on an accident insurance policy. The suit was in usual form and service was had in this State in conformity to the statute for service on foreign insurance companies licensed to do business in this State. The defendant did not answer, but filed what is called a motion to quash the service and dismiss the case, which this court said tendered "matters of defense or abatement" which do not appear in the record proper and which "challenge the right of plaintiff to maintain an action on this policy in this State, *no matter how the summons was served*," and therefore "would be a waiver of the right to have the return quashed, even if such right had never (?) existed." The matters set forth in the motion to quash the service and dismiss the action really amounted to an equitable answer or cross-petition stating that the cause of action arose in Illinois, where plaintiff resided and defendant could be and really had been sued and service had, and the plaintiff was seeking to avoid defenses which defendant could make and prove in Illinois, but could not do so in this State. The trial court struck out this so-called motion setting up these equitable reasons for dismissing and not trying the case in this State. This court held that the trial court was right in doing so and should proceed in the trial of the case. The reason for holding that the defendant, by filing this so-called motion to quash the service in the nature of a cross-petition to dismiss the case, entered his general appearance to the case here, was stated to be: "The motion filed by the petitioner in that case, not only asked that the service and return had therein be quashed, but it is also asked that the petition filed be dismissed because of matters of defense entirely outside of the record which it alleges do not exist, and as to which it tenders issues by a verified plea, and which, if heard upon their merits, would require the introduction of evidence to establish their truthfulness, which could not be done if the court had no jurisdiction over the person of the defendant." That case is not decisive of the question here presented.

It is strenuously insisted that a defendant who properly joins in his answer a plea in abatement and defenses to the merits should, when the matter of abatement is decided against him, be placed in the same position as a defendant who raises the question of jurisdiction by demurrer or motion to quash. The difference, however, is that in the former case the issue is one of fact to be tried on evidence *dehors* the record, like any other issue of fact raised by the answer while in the latter case the issue is purely one of law, the incontrovertible facts as to which appear of record. The rule that an error or defect which is or can be reached by demurrer or an equivalent motion, being one of law only, is waived by answering and going to trial on the merits, though well established, is at best a harsh rule and is not and should not be applicable to the different issues of fact raised by the answer.

Our conclusion is that the mere fact that a defendant participates in the trial on the merits after his plea to the jurisdiction, properly raised by answer, and having limited his appearance for that purpose only, has been ruled against him, does not amount to a general appearance in the case so as to waive the jurisdictional question. Such is the rule in attachment cases when pleas in abatement are filed. [Sec. 1315, R. S. 1929; Coombs Com. Co. v. Block, 130 Mo. 668, 32 S. W. 1139.] This is in accordance with the ruling of the St. Louis Court of Appeals in Jordon v. Railroad, 105 Mo. App. 446, 456, 79 S. W. 1155, and the later case of Harris v. McQuay (Mo. App.), 300 S. W. 305. That case, as appears from the former appeal, 242 S. W. 1011, had been tried on its merits after the defendant's plea to the jurisdiction over his person because of his not being a resident of the county where the suit was brought had been denied. Nevertheless, the same question of jurisdiction was tried out on the second trial, and, being decided against the defendant, the Court of Appeals re-examined the same and held that the question of jurisdiction should have been decided for defendant and reversed the case. In Roberts v. American Nat. Assur. Co., 201 Mo. App. 239, 212 S. W. 390, the Kansas City Court of Appeals reversed the judgment of the trial court because of its error in not sustaining defendant's plea to the jurisdiction, notwithstanding the case had been tried on the merits after such erroneous ruling. That court evidently did not consider that a trial on the merits after a denial of defendant's plea to the jurisdiction raised by answer amounted to a waiver of the question of jurisdiction in Wechsler v. Davis, 209 Mo. App. 570, 239 S. W. 554, as such waiver, if it be such, was unquestionably shown. The court labored hard to put waiver on another ground, which was also denied by the United States Supreme Court on certiorari, Davis v. Wechsler, 68 Law Ed. 143. See also Weisheyer v. Weisheyer (Mo. App.), 14 S. W. (2d) 486, where both such issues were tried together.

It is also urged that defendant asked affirmative relief on the trial of the merits and thereby waived the question of jurisdiction. The facts are that defendant never denied owing four items of the account sued on amounting to $178. When the trial on the merits commenced, plaintiff's attorney stated that he understood that defendant conceded that he owed plaintiff for these items and that such would not be contested. Defendant's attorney agreed to the correctness of this statement. When on the witness stand, defendant admitted that he contracted with plaintiff and agreed to pay the four items of account mentioned amounting to $178. At the close of plaintiff's evidence on the merits and of the whole evidence, defendant unsuccessfully asked the court to instruct the jury to find for defendant, this on the theory that the court had no jurisdiction in the case over the defendant. The defendant was trying to keep the jurisdictional question alive. This instruction being refused,

the defendant asked that the jury be instructed to return a verdict for plaintiff for $178, the amount he had admitted he owed plaintiff. It is this instruction which plaintiff says asked for affirmative relief and waived the question of jurisdiction. Of course, the jury, trying the merits only, could not return a verdict for defendant in the face of his admission that he owed plaintiff $178. The defendant could not object to the jury returning a verdict, if any at all, for plaintiff in that amount, except on the ground of no jurisdiction, disallowed by the court. The jury could not pass on the jurisdictional question and a verdict for plaintiff in that amount was all the defendant was entitled to ask. That would be a finding for defendant on his evidence. As the court was compelling the defendant to submit to a verdict by the jury, the defendant was not asking affirmative relief in asking the least verdict the jury could give. The defendant might have worded the instruction so as to tell the jury not to find for plaintiff for more than $178, but the effect would have been the same. The defendant undoubtedly knew the court would not and could not give such instruction unless it receded from its holding on the jurisdictional question, and in that case the instruction would not be beneficial to defendant but merely harmless. The court did refuse the instruction and the jury found for plaintiff in the full amount sued for. It is manifest that defendant did not intend to waive the jurisdictional defense and we are not inclined to force such intention on him.

■ Other questions are discussed which are not likely to arise again, though we might say that plaintiff's deposition taken in the former suit, or so much thereof as is necessary, is admissible as original evidence as an admission without laying any foundation except to prove its authenticity. [Southern Bank of Fulton v. Nichols, 202 Mo. 309, 323, 100 S. W. 613.] The deposition could be used also for impeachment purposes, calling the witness's attention to the questions and answers, and, if not positively admitted, then reading to the jury the parts referred to, or all of it, in the manner pointed out in Peppers v. Railroad, 316 Mo. 1104, 295 S. W. 757, 762; Shull v. Kallauner (Mo. App.), 300 S. W. 554. The trial court erred in this respect. ■ We will also say that under plaintiff's version of the contract made with defendant, the work had not yet been done, and though plaintiff had previously contracted with two subcontractors to do this work on the same terms, yet when one of the subcontractors dropped out of the deal and plaintiff refused to do the work under a new contract made with the other subcontractor unless the defendant would agree to pay him for the work or see to it that he was paid, and defendant so promised, then such promise, though not in writing, was not without consideration or void under the Statute of Frauds. [Haynes v. Johnson, 141 Mo. App. 506, 126 S. W. 177; Hill Bros. v. Bank of Seneca, 100 Mo. App. 230, 240, 73 S. W. 307.]

The case is therefore reversed and remanded to be retried only on legal service being had on defendant.  *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court.   All the judges concur.