314 P.2d 348

**Peter Mart JORGENSEN, Plaintiff and Respondent,**

v.

**Ranghild V. JORGENSEN, Defendant and Appellant.**

No. 8618.

Supreme Court of Utah.

Aug. 10, 1957.

Har.son & Baldwin, Salt Lake City, for appellant.

Gustin, Richards, Mattsson & Evans, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from that portion of a divorce decree which had to do with the property rights of the parties, on the asserted grounds that it was 1) so indefinite as not to be an adjudication of such rights; that it was 2) inequitable. Affirmed, with costs to plaintiff.

Mr. Jorgensen, 55, and Mrs. Jorgensen, 52, came from Denmark a quarter-century ago, lived happily together for many years, and reared a son and daughter, who now have several children of their own. Thrifty and industrious as is wont their countrymen, they built a floral business and a sizeable estate. The union began coming apart at the seams some years ago. Mrs. Jorgensen said her husband was too active a participant in the proverbial eternal triangle, and he countered by asserting that her nagging transcended the ordinary, prudent type countenanced by court and custom.

For 13 years preceding their appointment with the divorce court, the parties lived in a 10-room home situate on a 5-acre tract, and used a part of the ground to cultivate floral products. This property appraised at $53,500. A nearby 12.56-acre tract was valued at $49,500. A floral property with residence in connection was leased by the Jorgensens to others until 1959, with a 4-

year option, this property being valued at $39,125. It yielded $300 per month rental. All three of these properties were held in joint tenancy with right of survivorship, which tenancy the court continued "until the further order of the court," conditioning such status, however, on a sale which the court ordered of the home, or until such time as the expiration of the floral lease would give the parties the right to possession thereof, in which event Mrs. Jorgensen was to become sole owner of the residence, the joint tenancy thereupon to terminate. Meanwhile she was allowed to live in the 10-room home and receive $350 per month alimony which was to cease either upon the sale of the home or upon termination of the lease. The parties also were partners in a floral business of their own which netted about $12,000 per year, the court ordering that said partnership continue under Mr. Jorgensen's management, he to be paid $500 per month as manager, the net profits to be divided periodically and equally between the parties. Cars of more or less comparable value were awarded to each of the parties, as were several insurance policies, whose relative values do not seem very important on this appeal. A smaller 2.5-acre unimproved tract was awarded to Mr. Jorgensen.

It is urged that the property should have been divided rather than perpetuated in joint tenancy with the inevitable unsatisfactory personal contacts, the protracted litigation entailed, the uncertainty of unpredictable future events, and the inadvisability of creating the possibility that one of the joint owners would acquire most of the jointly accumulated property because of the death of the other. If we were to reverse the trial court we would have to conclude that its action was arbitrary and capricious, unsupported by competent evidence. We believe we cannot so conclude under the facts of this case.

In support of our conclusion here, it might be pointed out that the floral business of the parties is a source of income to both of them so long as it is a going concern, not otherwise; that the upkeep of a 10-room home property seemed to be too onerous an undertaking for any extended period for a woman in her fifties; that Mrs. Jorgensen was assured of a permanent home, though smaller, free and clear of encumbrances, possibly within 2 but no later than 6 or 7 years hence. In saying these things, we are cognizant that Mrs. Jorgensen's argument that lightly she should not be deprived of the sentiment and friendly atmosphere of the home in which she has resided for so long a time, cogently appeals to one's sympathy and sense of justice, but on occasion sentiment best might yield to practicality. The wisdom we might think we have in praesenti cannot insure property rights in futuro that are conditioned on happenstance. Perhaps a re-examination of this case by the parties and their

counsel might result in the tying of some loose ends that would better satisfy everyone concerned, and in this connection, the lower court has left the door ajar by conditioning its decree on the further order of the court.

CROCKETT, J., concurs.

McDONOUGH, C. J., concurs in the result.

WORTHEN, Justice (concurring and dissenting).

I concur in affirming the decree of the trial court, except for the provision therein continuing certain real property, held by the parties, in joint tenancy.

I am of the opinion that putting the parties in a position where only one might take real property continued in joint tenancy is not giving due consideration to Section 30–3–5, U.C.A.1953.

The trial court showed a keen understanding of the parties and of the real property held jointly by them. As to the home property known as 4580 Walker Lane the court observed: " * * * the acreage involved is in joint tenancy with full rights of survivorship and not as a tenancy in common. That it is fair and equitable as between the parties that the aforesaid real property and all of the water rights in connection therewith valued in all at $53,500 be sold and that the net proceeds from said sale be divided equally between the parties. * * *"

The court likewise partially protected the parties against the results of continuing the following real property in joint tenancy. The Colonial Flower property was leased by the Jorgensens. The court ordered that defendant have set aside to her the house on said property as her home at the expiration of the lease, but ordered that title to the business property of Colonial Flower property remain in joint tenancy with full right of survivorship. The court's final order as to the Colonial Flower business property is objectional. The court likewise ordered that the Hillside property be continued in joint tenancy without any conditions being provided.

The case should be remanded with directions to the trial court to protect the parties against loss of the entire interest in such property which it continued in joint tenancy either by vesting the title to the property in the parties as tenants in common or by a condition in the decree that upon the death of either joint tenant the title should be deemed to vest in the survivor as trustee for the heirs of the deceased. In all other respects I would affirm the judgment and award no costs.

WADE, J., concurs in the opinion of WORTHEN, J.